## Mrs. M. J. Pearce et al. v. J. P. Dyess et al.

### Decided March 6, 1907.

**1.—Resulting Trust—Pleading—Evidence.**

A petition alleging that land purchased by and conveyed to the step-father of plaintiffs was paid for with community funds of his wife and her deceased husband, the father of plaintiffs, was sufficient to show title in them by resulting trust to a half interest in the land. Evidence considered and held to support a finding that the consideration was so paid.

**2.—Resulting Trust—Limitation—Laches.**

Limitation or plea of stale demand can not run against the enforcement of a resulting trust until such trust has been repudiated.

**3.—Fiduciary Relation—Pleading.**

Allegations that the mother and step-father of plaintiffs exercised parental authority over them and managed and controlled the community property in which they had an interest, during their minority, were proper as matters of inducement and to show a fiduciary relation.

**4.—Resulting Trust—Pleading.**

There was no inconsistency between the allegations that the step-father took title in his own name to lands paid for with community property of plaintiffs, and that he acknowledged the existence of the resulting trust arising from such transaction. Their rights arose by operation of law upon the facts of the transaction and were not dependant on any promise by the holder of the legal title to convey to them.

**5.—Same.**

Allegations of facts from which a resulting trust arises are sufficiently specific without pleading the evidence establishing such facts.

**6.—Resulting Trust—Time of Payment.**

Where the execution of the deed and payment of the consideration constitute substantially one transaction it is not necessary that they be cotempo-

raneous in order to create a resulting trust. Payment on delivery of the deed would be sufficient to create the trust, though subsequent to the date of its signing.

### 7.—Effect of Evidence—Controlling by Charge.

Where objection to evidence was limited to its competence for a particular purpose, the error in admitting it, if any, is cured by an instruction that it could not be considered for that purpose.

### 8.—Resulting Trust—Possession in Good Faith—Improvements.

The holder of land subject to a resulting trust is not a possessor in good faith entitled to recover the value of improvements, and can not complain that rents for which he could not be held liable were offset against his claims therefor.

### 9.—Community Property—Rents.

Rents received by the husband for real property, community estate of the wife and the heirs of her deceased husband, are themselves property of such community.

### 10.—Resulting Trust—Intention.

A resulting trust arises by operation of law, independently of any intention on the part of the one taking the legal title to hold in trust for those whose means furnished the consideration for the conveyance.

### 11.—Resulting Trust—Declarations of Trustee.

Declarations of the holder of the legal title subsequent to the conveyance to him, though not creating the trust, are admissible as evidence of its former creation and its recognition by him.

### 12.—Community Property—Interest of Heirs.

The resulting trust in favor of plaintiffs was established by showing that community property belonging, prima facie, one-half to them, went to pay for the land sued for. If the community had been exhausted in paying the claims of the surviving wife on account of her separate property, so as to leave the heirs no interest, this was matter of defense.

Appeal from the District Court of Bell County. Tried below before Hon. John M. Furman.

*Walter E.* and *A. M. Monteith,* for appellants.—On pleading as subject to exception of limitation and stale demand. Rev. Stats., arts. 3370, 3376; McCauley v. Long, 67 Texas, 74; 1 Beach on Trust and Trustees, sec. 175, pp. 363-365; Brown v. Guthrie, 27 Texas, 611; Lewis v. Cole, 60 Texas, 343; Browning v. Phumphrey, 81 Texas, 168; McKin v. Williams, 48 Texas, 88; League v. Rogan, 59 Texas, 434; Montgomery v. Noyes, 73 Texas, 205; Glasscock v. Nelms, 26 Texas, 154; Carlisle v. Hart, 27 Texas, 354; Watson v. Texas & P. Ry. Co., 73 S. W. Rep., 830; Jenkens v. Pye, 12 Peters, 259; Godden v. Kimmell, 99 U. S., 201; McKnight v. Taylor, 1 How., 168; Badger v. Badger, 2 Wall., 87.

On particularity and certainty of the pleading. Gulf, C. & S. F. Ry. Co. v. Ft. Worth & R. G. Ry. Co., 86 Texas, 537.

On defence of stale demand. Meed v. Randolph, 8 Texas, 199; Williams v. County of San Saba, 59 Texas, 444; Glasscock v. Nelson, 26 Texas, 154; Carlisle v. Hart, 27 Texas, 354; Wilborns, ex'rs, v. Cochran, 9 Texas, 123; DeCordova v. Smith, 9 Texas, 129; Tinnen v. Mebane, 10 Texas, 253; Anderson v. Stewart, 15 Texas, 290; Hunter v. Hubbard, 26 Texas, 546; McFaddin v. Williams, 58 Texas, 629; Tiebout v. Milli-

can, 61 Texas, 314; Rowe v. Noies, 73 Texas, 209; Brown v. Roberts, 75 Texas, 103; Frost v. Wolf, 77 Texas, 462; Howard v. Stubblefield, 79 Texas, 1; Abernathy v. Stone, 81 Texas, 430; Durst v. Daugherty, 81 Texas, 664; League v. Henecke, 27 S. W. Rep., 1049; French v. Koenig, 27 S. W. Rep., 1080; Clifton v. Armstrong, 54 S. W. Rep., 612; Rowe v. Horton, 65 Texas, 92; Speidel v. Henrici, 120 U. S., 377; Richards v. Hankel, 124 U. S., 183; Hanner v. Moulton, 138 U. S., 495; Underwood v. Duggan, 139 U. S., 383; Hammond v. Hopkins, 143 U. S., 224; Ware v. Galveston Co., 146 U. S., 102; Penn Mutual L. I. Co. v. Austin, 168 U. S., 685; McCampbell v. Durst, 40 S. W. Rep., 320; Perry on Trusts, secs. 228, 229, 430, 433, 850; Beach on Trusts and Trustees, secs. 724, 600, 662-669, 696; Union Trust v. Glover, 74 S. W. Rep., 436.

Death of witnesses as affecting the enforcement of trusts. DeCordova v. Smith, 9 Texas, 129; Smith Guardian v. Holtheide, 74 S. W. Rep., 718; Meed v. Randolph, 8 Texas, 199; Williams v. County of San Saba, 59 Texas, 444; Glasscock v. Nelson, 26 Texas, 154; Underwood v. Duggan, 159 U. S., 383; Hanner v. Moulton, 136 U. S., 495; Tennen v. Medane, 10 Texas, 253; Tiebout v. Millican, 61 Texas, 514; Durst v. Daugherty, 81 Texas, 654; Ware v. Galveston City Co., 146 U. S., 102; King v. Gilleland, 60 Texas, 271; Speidel v. Henrici, 120 U. S., 377; Frost v. Wolf, 77 Texas, 462.

Proof required. Hall v. Layton, 16 Texas, 262; Texas Agriculture Assn. v. Brewster, 61 Texas, 262; Reed v. Ferguson, 45 Texas, 396; King v. Gilliland, 60 Texas, 274; Huston v. Curl, 8 Texas, 239; Scott v. Maynard, Dallam, 348; McIntire v. Chappell, 4 Texas, 167; Love v. Robertson, 7 Texas, 6; Glasscock v. Hamilton, 62 Texas, 163; Peet v. Commerce & Ervay St. Ry., 70 Texas, 522; Mead v. Randolph, 8 Texas, 199; Arnold v. Ellis, 20 Texas Civ. App., 269; Williams v. County San Saba, 59 Texas, 444; Glasscock v. Nelson, 26 Texas, 154; Williamson v. Gore, 73 S. W. Rep., 566; Toole v. Dibrell, 29 S. W. Rep., 387; Garrett v. Garrett, 71 S. W. Rep., 155; Hirshfeld v. Howard, 59 S. W. Rep., 58; Epperson v. Jones, 65 Texas, 428; Brinkman v. Sunken, 74 S. W. Rep., 964; Goodman v. Crowley, 61 S. W. Rep., 850.

Evidence required to trace trust funds in property: Torrey v. Cameron, 73 Texas, 590; Epperson v. Jones, 65 Texas, 428; King v. Gilleland, 60 Texas, 274; Huston v. Curl, 8 Texas, 239; Glasscock v. Hamilton, 62 Texas, 163; Chapman v. Allen, 15 Texas, 278; Jones v. Epperson, 69 Texas, 586; Purdom v. Boyd, 82 Texas, 133; Schmeltz v. Garey, 49 Texas, 49; Peet v. Commerce & Ervay St. Ry. Co., 70 Texas, 522; Hawley v. Geer, 17 S. W. Rep., 914; Albrecht v. Albrecht, 35 S. W. Rep., 1076; Scales v. Marshall, 60 S. W. Rep., 336.

Presumption as to property being community. Hawley v. Geer, 17 S. W. Rep., 914; Jones v. Epperson, 69 Texas, 586; Purdom v. Boyd, 82 Texas, 135; Schmeltz v. Garey, 49 Texas, 49; Peet v. Commerce & Ervay St. Ry. Co., 70 Texas, 522; Albrecht v. Albrecht, 35 S. W. Rep., 1076; Scales v. Marshall, 60 S. W. Rep., 336.

Acquiescence as a defense. Perry on Trusts, secs. 141, 467, 489, 849, 850, 853, 861, note, 870, 862, note; Beach on Trusts and Trustees, secs. 175, 208, 224, 672, 296; Ware v. Galveston City Co., 146 U. S., 102; Hammond v. Hopkins, 143 U. S., 224.

Adverse possession as basis of limitation. DeCordova v. Smith, 9

Texas, 129; Anderson v. Stewart, 15 Texas, 290; Howard v. Stubblefield, 79 Texas, 1; Abernathy v. Stone, 81 Texas, 435.

Limitation as to trusts.   Carlisle v. Hart, 27 Texas, 354; Winborns Ex'rs v. Cochran, 9 Texas, 123; Anderson v. Stewart, 15 Texas, 290; Hunter v. Hubbard, 26 Texas, 546; McFaddin v. Williams, 58 Texas, 629; Rowe v. Noies, 73 Texas, 209; League v. Henecke, 27 S. W. Rep., 1049; French v. Koenig, 27 S. W. Rep., 1080; Clifton v. Armstrong, 54 S. W. Rep., 612; McCampbell v. Durst, 40 S. W. Rep., 320; Perry on Trusts, secs, 230, 228, 850, 855-857, 860, 865; Beech on Trusts and Trustees, sec. 670, 669, 671; DeCordova v. Smith, 10 Texas, 149; Tinnen v. Mebane, 10 Texas, 253, 254; Sydner v. Roberts, 13 Texas, 598; Anderson v. Stewart, 15 Texas, 290; Winborns v. Cochran, 9 Texas, 193; Hunter v. Hubbard, 26 Texas, 546; Brown v. Roberts, 75 Texas, 75; Montgomery v. Noies, 73 Texas, 209; Abernathy v. Stone, 81 Texas, 430; Clifton v. Armstrong, 54 S. W. Rep., 612; Howard v. Stubblefield, 79 Texas, 5; Frost v. Wolf, 77 Texas, 462; League v. Henecke, 27 S. W. Rep., 1049; French v. Koenig, 27 S. W. Rep., 1080; Speidel v. Henrici, 120 U. S., 377; Rowe v. Whorton, 65 Texas, 89; Hammer v. Moulton, 138 U. S., 495; McKnight v. Taylor, 1 How., 168; Napach v. Jones, 23 Am. St. Rep., 148, note; Moers v. White, 6 Johns on Chanc., 360; Barnes v. Taylor, 27 N. J. Eq., 259; German American Seminary v. Keifer, 43 Mich., 111.

Constructive trusts against which limitations run.   Hunter v. Hubbard, 26 Texas, 546; Clifton v. Armstrong, 54 S. W. Rep., 612; McCampbell v. Durst, 40 S. W. Rep., 320; Perry on Trusts, sec. 865; Beech on Trust and Trustees, sec. 208, 209, 668, 239; Arnold v. Ellis, 20 Texas Civ. App., 269; Abernathy v. Stone, 61 Texas, 430; 3 Pomeroy's Equity Jurisprudence, 3d ed., secs. 1047, 1048, 1049, 1050, 1051, 1052.

Trust money must be used at the time of the purchase and as a part of an original transaction.   Arnold v. Ellis, 20 Texas Civ. App., 262; Owry v. Sanders, 77 Texas, 278; Hirshfeld v. Howard, 59 S. W. Rep., 58; Caldwell v. Bryan, 20 Texas Civ. App., 172; Evans v. Opperman, 76 Texas, 298; Parker v. Coop, 60 Texas, 118; Lacy v. Clements, 36 Texas, 663; Torrey v. Cameron, 73 Texas, 388; Williams v. County of San Saba, 59 Texas, 442; Toole v. Dibrell, 29 S. W. Rep., 387; Beach on Trust and Trustees, sec. 150, 151, 175; Perry on Trusts, sec. 133; Boehl v. Walgymer, 54 Texas, 372.

Declaration made subsequent to and not connected with the transaction from which the trust is claimed to have arisen is very slight evidence.   Toole v. Dibrell, 29 S. W. Rep., 387; Garrett v. Garrett, 71 S. W. Rep., 155; Glasscock v. Hamilton, 62 Texas, 152; Peet v. Commerce & Ervay St. Ry. Co., 70 Texas, 522; Perry on Trusts, sec. 77, 147, 82; Beach on Trust and Trustees, secs. 41, 42, 43, 176; Epperson v. Jones, 75 Texas, 426.

Intention to create a trust is necessary to create a resulting trust which must exist of the date of the transaction.   Arnold v. Ellis, 20 Texas Civ. App., 269; Higgins v. Johnson, 20 Texas, 396; Goodman v. Crowley, 61 S. W. Rep., 850; Caldwell v. Bryan, 20 Texas Civ. App., 172; Barker v. Coop, 60 Texas, 118; Williams v. County of San Saba, 59 Texas, 442; Perry on Trusts, secs. 147, 153, 158; Beach on Trusts and Trustees, secs. 117, 129, 131, 132, 160, 174.

Improvements as effecting enforcement of trusts. Penn Mutual L. I. Co. v. Austin, 168 U. S., 685; Perry on Trusts, sec. 850; Iver v. Saulsburry, 65 Ga., 724; Martin v. Clark, 116 Ill., 654; Curtis v. Poland et al., 66 Texas, 511.

Increased value of property as affecting enforcement of trust. Branch v. DeBlanc, 62 S. W. Rep., 134; Underwood v. Duggan, 139 U. S., 383; Hammond v. Hopkins, 143 U. S., 224; Penn Mutual L. I. Co. v. Austin, 168 U. S., 685; Perry on Trusts, sec. 850; Iver v. Saulsburry, 65 Ga., 724; Martin v. Clark, 116 Ill., 654; Richards v. Mackall, 124 U. S., 173; Badger v. Badger, 69 U. S., 682; Sullivan v. Portland & Kennebec R. Co., 94 U. S., 811; Beech on Trust and Trustees, sec. 741; Dickel v. Smith, 24 N. E. Rep., 564; Curtis v. Poland et al., 66 Texas, 511.

*John B. Durrett* and *Geo. W. Tyler,* for appellees.—That the facts alleged and proven in this case establish a resulting trust. Burns v. Ross, 71 Texas, 516; Eastman v. Roundtree, 56 Texas, 112; Worse v. Sgitcovich, 46 S. W. Rep., 72; Caldwell v. Bryan, 49 S. W. Rep., 240; McClure v. Bryan, 44 S. W. Rep., 3; Parker v. Partis, 14 Texas, 169; Simkins Eq., 138-142 and authorities cited; 3 Pom. Eq., pp. 1984-1995.

That limitation, laches or stale demand does not begin to run against resulting trusts until repudiation. Barnett v. Houston, 44 S. W. Rep., 691; Wilson v. Simpson, 80 Texas, 287; Oury v. Saunders, 77 Texas, 278; Smith v. McElyea, 68 Texas, 70; Rucker v. Dailey, 66 Texas, 284; Cole v. Noble, 63 Texas, 434; Simkins Eq. 148, and authorities cited.

EIDSON, ASSOCIATE JUSTICE.—This suit was brought in the court below by the appellees against the appellants to recover an undivided one-half interest in three certain tracts of land, situated in Bell County, and particularly described in their petition, and for a decree of partition of said lands between appellees and appellants. A trial before the court and a jury resulted in a verdict and judgment in favor of appellees for an undivided 5-12 interest in the lands described in their petition, and a decree for the partition thereof between appellees and appellants, according to their respective interests.

All of appellants' special exceptions to appellees' petition which set up that said petition showed upon its face laches in the prosecution of this suit, or that appellees' cause of action was barred by the statute of limitation, or was a stale demand, were properly overruled by the court below. Appellees, who are the children of J. P. Dyess decd., and appellant Mrs. M. J. Pearce, she having married D. L. Pearce subsequent to the death of the said Dyess, based their right to recover in this suit upon the ground that D. L. Pearce after his marriage with Mrs. M. J. Dyess, the mother of appellees, invested the proceeds of property belonging to the community estate of the said J. P. Dyess, deceased, and his surviving wife, Mrs. M. J. Dyess, in the purchase of said lands, and took the deeds thereto in his name, and that thereby there was created a resulting trust in said lands to the extent of an undivided one-half interest thereof in favor of appellees; and they allege in their petition that the said D. L. Pearce at all times during his lifetime recognized and admitted that said lands were bought and paid for with funds

belonging to said community estate, and that said appellants did the same up to a few months prior to the filing of this suit. We think the petition sufficiently alleged a resulting trust in the lands in favor of appellees. Where property is purchased and the conveyance of the legal title is taken in the name of one person while the purchase price is paid by another person, a trust at once results in favor of the person who paid the price or whose funds were used in the payment thereof. (Burns v. Ross, 71 Texas, 516; Eastman v. Roundtree, 56 Texas, 112; Worst v. Sgitcovitch, 42 S. W. Rep., 72; Caldwell v. Brown, 49 S. W. Rep., 240; 2 Pom. Eq. Jur., sec. 1037.) And the petition of appellees alleged facts showing a recognition of such trust by the trustee up to the date of his death, and by appellants thereafter up to a date the interval between which and the filing of this suit was too short to base any statutory period of limitation upon. It is well settled by authority that limitation, laches or stale demand can not be urged against the enforcement of a resulting trust until such trust has been repudiated. (Wilson v. Simpson, 80 Texas, 287; Oury v. Saunders, 77 Texas, 278; Rucker v. Dailey, 66 Texas, 284.)

We think the allegations that Mrs. M. J. Pearce and her husband David L. Pearce after their marriage, continued to exercise the care, control and management of all the property of said community estate, and to exercise care, control and authority of parents over the persons of appellees during their childhood and minority, were proper as matter of inducement, and also to show that D. L. Pearce held a fiduciary relation to appellees and their property, which came into his hands by virtue of his marriage with their mother.

There is no inconsistency between the allegations of appellees' petition that D. L. Pearce purchased and paid for the lands with the funds of the community estate of J. P. Dyess, deceased, and Mrs. M. J. Dyess, his surviving wife and took the deeds in his name 30 years prior to the institution of this suit, and those that the said Pearce and his wife admitted that he held a one-half undivided interest in said lands in trust for appellees. These allegations taken together, explain the true character of the transaction as claimed by appellees, and the reason why they did not proceed earlier to recover their interest in the lands. It was unnecessary for appellees' petition to allege that D. L. Pearce and Mrs. M. J. Pearce or either of them, promised or agreed to convey to appellees any interest in the lands, as the obligation to convey to appellees their interest in the lands arises as matter of law, from the fact of the lands being paid for with their funds.

We think the allegations of appellees' petition relating to the property belonging to the community estate of J. P. Dyess, deceased, and his surviving wife Mrs. M. J. Dyess, and the recognition and admission by D. L. Pearce and Mrs. M. J. Pearce of appellees' interest in the lands in controversy, were sufficiently specific and certain to properly apprise appellants of what they were expected to defend against; and it was not necessary for appellees to plead their evidence as to such matters.

Appellants contend that the evidence is insufficient to support the finding of the jury that the lands in controversy were paid for out of funds belonging to the community estate of J. P. Dyess, deceased, and Mrs. M. J. Dyess, his surviving wife. While it is true, there is no tes-

timony in the record showing the money used by David L. Pearce in paying for the lands in controversy was derived from the sale of any particular property belonging to said community estate, there is ample testimony tending to show that at the death of J. P. Dyess there was considerable real and personal property belonging to the community estate of himself and surviving wife, consisting of a farm in Louisiana, cotton and stock, and that at the date of the marriage of his widow to David L. Pearce there was considerable of this property in her possession, which the said Pearce then took into his possession and control; that the said Pearce made on said farm from 15 to 28 bales of cotton each year from 1866 to 1869, inclusive, and plenty of corn for the use of his family, and that the said Pearce brought with him to Texas $500 or $600 in money, the proceeds of the sale of property belonging to said community estate, and that he afterwards, in 1871, collected $800 for property sold by him belonging to said community estate, and that he, the said Pearce, stated, in effect, at the time he paid for the lands in controversy, that the money he used in payment for same belonged to the community estate of J. P. Dyess, deceased and his surviving wife; and thereafter and up to the date of his death, made statements in consonance with this, and recognizing and admitting that appellees in this suit had an interest in said lands. While the witness testified that D. L. Pearce told him that the moneys mentioned above were the proceeds of property belonging to the Dyess estate, without giving the initials or first name of Dyess, the reasonable inference is that the said Pearce in using the words "Dyess estate," meant the estate of J. P. Dyess, deceased, or the community estate of him and his surviving wife. This is the natural and usual inference to be drawn from the language used, as it is unnatural and unusual for the word "estate" to be used in relation to the property of a living person in ordinary conversation. This evidence, when considered in connection with the testimony that D. L. Pearce owned no property at the date of his marriage to Mrs. M. J. Dyess, except a horse, saddle and bridle, justified the jury in finding that the lands in controversy were paid for with money, the proceeds of the community estate of J. P. Dyess and his surviving wife Mrs. M. J. Dyess.

There is testimony tending to show that D. L. Pearce paid for the lands in controversy during the course of the original transactions which culminated in the sales and conveyances of said lands to him. Plaintiffs' testimony tended to show that the consideration for each deed was paid at the execution and delivery thereof; that of defendants tended to show that the consideration for the deed from Rowlet was paid in two separate installments, one of $160, on December 26, 1871, and the balance of $140 when the deed was delivered, which the record tends to show was on the 19th of January, 1872; and that the consideration for the Iveson deed was paid September 23, 1872, and the record shows the deed was dated 8th August, 1872, but the reasonable inference from the evidence is that this deed was not delivered until the 23d September, 1872, when the payment was made.

In order to create a resulting trust in lands, it is not necessary that the purchase money be paid at the precise date of the execution or delivery of the deeds. If a party having funds in his hands belonging to

another contracts for the purchase of lands in his own name, with the intention of paying for same out of such funds, and at the time of making such contract pays a part of the purchase money out of such funds, and the deed, for any reason, is not then executed and delivered, but is at a later date, and when it is executed and delivered he pays the balance of the purchase money out of the funds in his hands of such other person, the contract of purchase, payment of purchase money and execution and delivery of the deed constitute one entire original transaction, and a resulting trust will be created in favor of the party to whom the funds out of which the payments were made belonged. If the payments proceeded from a subsequent or independent contract, or were the result of conduct or an intervention not constituting a part of the original transaction, no resulting trust would be created. (2 Pom. Eq. Jur., sec. 1037.) And as a deed of conveyance to lands does not take effect until its delivery to the vendee, payment of the purchase money made upon such delivery, although at a date subsequent to the date of the execution of the deed, would be part of the original transaction of purchase of the lands; and such payment out of the funds of another would raise a resulting trust in his favor.

If there was error in the admission of the declarations of Mrs. M. J. Pearce, the court below by a proper instruction to the jury, so limited the effect of such declarations as to render such error harmless to appellants.

If appellants hold the land in controversy subject to a resulting trust in favor of appellees, they could not be possessors in good faith as to appellees' title; and therefore were not entitled to the value of improvements made on the lands; and hence they have no ground for complaint that the value of rents were offset against the value of improvements. Appellees alleged in their petition that the lands in controversy were paid for with money, the proceeds of the community estate of J. P. Dyess, deceased, and Mrs. M. J. Dyess, his surviving wife, and we think the rents of the farm in Louisiana, after the marriage of Pearce with the Widow Dyess, would be included in the proceeds of the said community estate. And there was testimony tending to show that Pearce made from 15 to 28 bales of cotton each year from 1866 to 1869, inclusive, and plenty of corn for his own use, and that the cotton was worth 20 cents per pound. Hence in our opinion the court was authorized by the pleadings and evidence to charge the jury upon the issue as to the rental value of the Louisiana farm.

The charge of the court below defining a resulting trust was correct; and, when considered in connection with the other parts of the charge, properly protected appellants' rights in the case. And there was no error in the refusal of special charges requested by appellants attempting to define a resulting trust, as the main charge of the court was sufficient upon that subject, and such special charges did not announce the law correctly upon the question. Each of said special charges presented the idea that, in order for a resulting trust to exist in favor of the party whose money was paid for the land, the party purchasing the land and taking the deed in his name, must intend at the time to hold the equitable title for the party whose money paid for the land; whereas the fact that the land was paid for with his money creates the resulting trust

in favor of such party, independent of the intention of the party in whose name the legal title was taken. (Burns v. Ross, supra.)

We think the charge of the court below upon the issue of the repudiation of the trust by D. L. Pearce was in accordance with the rules laid down by the authorities upon that question. (Phillipson v. Flynn, 83 Texas, 583; Alexander v. Kennedy, 19 Texas, 496; Moody v. Butler, 63 Texas, 210.)

There was no error in the refusal of the court to give appellants' special charge No. 1 to the jury. The declarations of D. L. Pearce made after the deeds to the lands were executed were not admitted for the purpose of showing the creation of a resulting trust by such declarations, but as evidence tending to show that such a trust had already been created by the purchase of the lands with funds in which appellees had an interest, and that he then recognized the existence of such trust.

The requested special charge No. 5 of appellants was properly refused, because the same was misleading and did not announce a correct principle of law, as applied to the facts of this case. If the lands in controversy were paid for with the proceeds of the community property of J. P. Dyess, deceased, and his surviving wife, proof of this fact would entitle appellees to a recovery; and if it could be shown that the community estate of J. P. Dyess and his surviving wife had been exhausted in the payment of claims due the latter on account of her separate property, so that there was nothing left to go to the heirs of J. P. Dyess, it was a matter of defense to be proven by appellants.

There was no evidence authorizing the first paragraph of appellants' special charge No. 15; hence the refusal of the entire charge was proper.

Appellants' seventeenth special instruction was properly refused because it eliminated from the property alleged to have been taken into the possession of D. L. Pearce the rents of the Louisiana farm.

The court below by appropriate instructions submitted to the jury the right of Mrs. M. J. Pearce to compensation out of the community estate of herself and deceased husband for her separate property used by the husband; and the jury evidently found that sufficient funds of the community estate had come into her possession and that of D. L. Pearce to satisfy her claim for such separate property, and to cover the amount used by D. L. Pearce in paying for the lands in controversy, and we think the testimony in the record supports such finding.

We have carefully considered all of the assignments of errors presented and urged in appellants' very able and elaborate brief and not specially discussed herein, but do not think any of them point out reversible error.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.