## TENNISON et al. v. PALMER.

(Court of Civil Appeals of Texas. Amarillo. Dec. 2, 1911. Rehearing Denied Jan. 12, 1912.) [1]

1. WITNESSES (§ 149*)—COMPETENCY—ACTION AGAINST EXECUTORS OR HEIRS—CONVERSATIONS AND TRANSACTIONS WITH DECEDENT.

Though defendant was executrix and heir of P. and sole beneficiary under his will, yet the action being against her personally, and it being alleged that, as trustee for plaintiffs, P. invested money belonging to them in property, taking the title in his own name, and that he never repudiated the trust, and that defendant has taken possession of the property, and has refused to deliver it to them, and the will not having purported to dispose of the trust property, Sayles' Ann. Civ. St. 1897, art. 2302, providing that in actions by or against executors, "in which judgment may be rendered for or against them as such," neither party may testify to a transaction with or statement by deceased; and that this shall apply to an action by or against heirs of a decedent, arising out of any transaction with him, does not apply, so as to render plaintiffs incompetent to testify to conversations, and transactions with P.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 651, 652; Dec. Dig. § 149.*]

2. WITNESSES (§ 159*)—COMPETENCY—ACTIONS AGAINST EXECUTORS OR HEIRS—CONVERSATIONS AND TRANSACTIONS WITH DECEDENT.

That plaintiffs are claiming as heirs of a decedent, other than the one whose statements they seek to prove, in no wise makes applicable, where otherwise inapplicable, Sayles' Ann. Civ. St. 1897, art. 2302, as to incompetency of a party to an action by or against executors or

---

[1] Filed in the Court of Civil Appeals for the Second District Feb. 17, 1911, and transferred to this court by order of the Supreme Court of Texas July 1, 1911.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

heirs to testify to a transaction with or statement by deceased.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 666–669, 671–682; Dec. Dig. § 159.*]

3. ESTOPPEL (§ 38*)—BY DEED—COVENANTS—AFTER-ACQUIRED TITLE.

A covenant of general warranty in a deed passes to the covenantee any title to the land subsequently acquired by the covenantor.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 99–107; Dec. Dig. § 38.*]

4. LIMITATION OF ACTIONS (§ 103*)—RESULTING TRUSTS.

In case of a resulting trust, the statute does not begin to run against an action by the cestuis que trust till repudiation of the trust by the trustee, and notice to them thereof.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 506–510; Dec. Dig. § 103.*]

Error from District Court, Randall County; J. N. Browning, Judge.

Action by Lulu Tennison and others against Mrs. L. L. Palmer. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

Hoover & Taylor, for plaintiffs in error. Crudgington & Umphres and B. F. Buie, for defendant in error.

HALL, J. Plaintiffs in error filed this suit in the district court of Randall county, and by their first amended original petition alleged, in substance, that they were the heirs at law of Jesse G. and Ellen C. Palmer, each of whom died intestate in Cook county, Tex., in 1878; that at the time of the death of the plaintiffs' intestates they owned an undivided one-half interest in certain lands, cattle, horses, and farm implements in Cook county, and with the other undivided moiety belonging to their uncle, George W. Palmer; that, after the death of their father and mother, George W. Palmer married the defendant in error, L. L. Palmer; that they sold the said property, both real and personal, belonging to plaintiffs in error, and that the proceeds were invested by their said uncle, G. W. Palmer, in lands and cattle situated in Hemphill county, Tex., on or about June 30, 1890, and that the title to the Hemphill county land was taken in the name of G. W. Palmer; that the said G. W. Palmer continued to use and enjoy the property until about the 12th day of April, 1899, when he sold the same for about $12,000, and with his wife, defendant in error, moved to Randall county, Tex., taking with them all the funds derived from the sale of the Hemphill county property. They insist that the investment of the proceeds of the Cook county property by G. W. Palmer, and taking the title to the same, in his own name, constituted him a trustee for plaintiffs; that he had never repudiated the trust, but had at all times informed the plaintiffs that the Hemphill county property belonged

to himself and plaintiffs equally; that he died in the month of November, 1906, and by his will all the property which he owned passed to his wife, the defendant in error; that she has taken possession of said property belonging to plaintiffs in error, and has refused to deliver the same to them. Plaintiffs pray for personal judgment against defendant, and that the judgment be decreed to be a first lien upon all the property in defendant's hands, and for general and equitable relief. Defendant answered by exceptions, general and special, general denial, and specially plead the two and four year statute of limitation; that the action was barred by article 3358, Sayles' Ann. Civ. St. 1897, and specially pleaded that the partnership between G. W. Palmer and Jesse G. Palmer was largely in debt, owing between $5,000 and $6,000, and that the Cook county real estate was sold to pay this indebtedness under a judgment of the United States court; that he became the purchaser thereat; that the plaintiffs were left orphans on his hands; that he cared for, maintained, and educated them, and that, if plaintiffs ever had any interest in the property, same was consumed in their support; that the indebtedness against the partnership which G. W. Palmer paid was more than the property belonging to the partnership; that all the property owned and possessed by G. W. Palmer at his death was the community property of himself and defendant. The case was tried before the court without a jury, and judgment rendered for defendant in error.

[1, 2] The first five assignments of error challenge the action of the trial court in excluding the proffered testimony of Mrs. Lulu Tennison, in which she undertook to relate conversations between herself and her uncle, G. W. Palmer, some of which occurred in the presence and hearing of defendant in error, and also to recite the contents of certain letters which it was proposed to show defendant in error had received from G. W. Palmer and read to the witness, all of which conversations and letters were to the effect that G. W. Palmer had with the proceeds of the sale of the Cook county property, inherited by plaintiffs in error, purchased the property in Hemphill county, Tex., and, after the sale of the Hemphill county property, he had carried the proceeds with him to Randall county, and at all times acknowledged that he held this property in trust for the witness and her two sisters. This testimony was all objected to by the defendant in error upon the ground that it related to the transactions between the deceased George W. Palmer and the plaintiffs in this suit, and that Mrs. Tennison, being a party to the suit, was incompetent to testify thereto; that the defendant was the legal heir and devisee of George W. Palmer and the plain-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

tiffs were suing as heirs of Jesse Palmer to recover his partnership interest in the property, and the witness, being the heir of Jesse Palmer, would not be allowed to testify to statements made by and transactions with George W. Palmer; that Jesse Palmer could not so testify if he was living. We cannot agree to the appellee's contention that this testimony was inadmissible generally, and we think it is clear that it was not subject to the objections urged against it. The language of the statute is: "In actions by or against executors, administrators, or guardians in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with or statement by the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." Sayles' St. art. 2302.

While defendant in error was the independent executrix under the will of her husband, G. W. Palmer, and his sole heir at law, she took under the will and as such heir only the property owned by him. The will does not specify the kind or amount of property devised, and did not purport to convey to her any of the trust property, nor could she legally claim any of it as his heir. until after he had repudiated the trust. Inspection of the petition shows that defendant in error was not sued either as executrix under the will or as the heir of G. W. Palmer, and judgment is asked against her as an individual and not in her representative capacity. Since the statute excludes such testimony only in actions where judgments may be rendered against executors, heirs, etc., "as such," we think the rule in question is not applicable, and the objection should have been overruled. The rule of the statute will not be extended to include matters not clearly within its terms. Let us suppose that the proof which plaintiffs in error undertook to elicit from Mrs. Tennison had been made by witnesses not parties to the suit, and had entitled plaintiffs in error to recover, manifestly a judgment against defendant in error in her· representative capacity as executrix or heir of G. W. Palmer would have been improper. Plaintiffs in error sought no judgment against her as such executrix, and, under the facts, we do not think the defendant in error should be allowed to use the statute in question as a shield to protect her in her effort to illegally acquire property which she could neither inherit nor claim under the law. We cannot presume that 'G. W. Palmer undertook by his will to give her property that did not belong to him in his own right, and she could not inherit property belonging to plaintiffs in error which he held in trust. We find nothing in the record which would lead us to believe that George W. Palmer intended that defendant in error should ever have any of the trust estate. The fact that plaintiffs in error were claiming as the heirs of Jesse Palmer would not bring the case within the statute, since they were not claiming as the heirs of the decedent whose statements they sought to prove. Reference to the bills of exception shows that none of the testimony sought to be introduced in any way affected the rights of defendant in error· to the property owned by G. W. Palmer, but related only to the trust estate held by him and in defendant's possession. We think if the will had devised the property now claimed by defendant in error, specifically describing it, and such description had embraced all the estate both personal and trust, held by G. W. Palmer, at the time of his death, then the suit must necessarily have been against her as such executrix and heir, and the testimony would have been within the statute and inadmissible. But she does not and cannot hold it under the will, and does not and cannot inherit something from her husband which he never owned. Therefore article 2302 has no application.

[3, 4] In view of another trial, we do not deem it proper to discuss the remaining assignments of error, questioning the sufficiency of the evidence to sustain the findings of fact nor to pass upon the correctness of the conclusions of law based upon such findings further than to say that the effect of a covenant of general warranty is to pass to the covenantee any subsequently acquired title by the covenantor to the same land. Lowry v. Carter, 46 Tex. Civ. App. 488, 102 S. W. 930; Baldwin v. Root, 90 Tex. 546, 40 S. W. 3; Flaniken v. Neal, 67 Tex. 629, 4 S. W. 212. And in case of a resulting trust, such as the one under consideration, limitation did not begin to run against the plaintiffs in error until repudiation of the trust by George W. Palmer and notice to them of such repudiation. Pearce v. Dyess, 45 Tex. Civ. App. 406, 101 S. W. 549; Cochran v. Sonnen, 26 S. W. 521; White v. Leavitt, 20 Tex. 704.

Reversed and remanded.