MISSOURI, K. & T. RY. CO. OF TEXAS
v. CARLISLE.

(Court of Civil Appeals of Texas. Austin.
Feb. 22, 1912. Rehearing Denied
March 20, 1912.)

1. CARRIERS (§ 356*)—PASSENGERS—EJECTION.
Trainmen have no right to eject, or threaten to eject, a passenger who has been advised by the carrier's agent that her ticket is good on that train, though the ticket be stamped otherwise.
[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1409, 1410, 1423–1432; Dec. Dig. § 356.*]

2. EVIDENCE (§ 471*)—ADMISSIBILITY—OPINIONS.
In an action against a railroad company for threatening to eject a passenger, it was proper to ask the conductor what he would have done if plaintiff's fare had not been paid.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

3. APPEAL AND ERROR (§ 1048*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.
In an action against a railroad company for threatening to eject a passenger, any error in permitting counsel to ask the conductor what he would have done if plaintiff's fare had not been paid was harmless, where he answered that he did not know.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. § 1048.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by S. J. Carlisle against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

A. S. Coke and Clark, Clark & Saunders, for appellant. Hamilton & Kibler, for appellee.

Findings of Fact.

JENKINS, J. The appellee, a young lady whose home was in Waco, purchased a round trip ticket to Dallas, during the fair, over appellant's road. Upon this ticket was stamped "Not good on Katy Flyer. Sold at reduced rates." Appellee did not know that this was stamped on said ticket, and did not know that it was not good on appellant's

train, known as the "Katy Flyer." When starting to return from Dallas to Waco, she presented her ticket to the agent at Dallas, and asked him if it was required to be stamped, or if it was necessary for her to sign the same. The agent informed her that it was not necessary for her to sign the ticket, that it was all right, and said to her, "That's your train there now," pointing to the Katy Flyer train; that it was about ready to start to Waco, and to hurry up and get on it. This statement is testified to by appellee and a friend, who was with her at the depot, and is not denied by the agent. Appellee at once went upon the train, and when the conductor came through, taking up tickets, she presented her ticket, and was informed by him that the ticket was not good for that train, and that she would have to pay her fare. She informed the conductor of what had occurred between her and the agent, and that she did not know that the ticket was not good on that train. The conductor insisted on her paying fare, and she declined to do so. Afterwards the conductor returned to her with the auditor, who examined her ticket and told her that she would have to pay fare or get off. She told him what had occurred between her and the ticket agent, and was informed that it made no difference what the ticket agent told her; that she must pay her fare or get off. She then informed them that she did not have sufficient money to pay her fare to Waco; that, having a return ticket, she did not deem it necessary to keep more than sufficient money to pay her hack fare from the depot at Waco; that she, however, would have had enough money to have paid her way to Waco, but, supposing that her ticket was good, she had bought some fruit since getting on the train. They told her to pay as far as her money would go. She declined to do this, and they told her she must get off at the next station, or they would put her off. At the next station, the conductor, auditor, and train manager came to her, and as they approached the train manager said, "Where is she?" The conductor or auditor said: "Here she is—another deadbeat." They then told her to get off at that station. She declined to do this, and they told her that if she did not get off they would put her off, and told her to come on at once and get off; that they had no time to fool with her. A passenger sitting across the aisle and a stranger to appellee, who had heard the conversation and observed that appellee was in tears, told the conductor that appellee was a lady, and to go on and let her alone. The conductor said that he was going to put her off, and the passenger paid her fare. She was wholly unacquainted at the station where they proposed to put her off. The conduct of the conductor, auditor, and train manager caused her great distress of mind and shame

and mortification. The jury returned a verdict in appellee's favor for $300.

### Opinion.

[1] Appellee, having been informed by the appellant's agent that her ticket was good for that train, was properly on said train, and appellant's agents had no right to put her off of the train, or threaten to do so, though the ticket was stamped not good for that train. The charge of the court is not subject to the criticism made by appellant in its assignments of error. The court did not assume that the statement of defendant's ticket agent at Dallas was the proximate cause of plaintiff's damage, nor that the negligence of such agent was such proximate cause. This suit is not based upon any alleged negligence in the conduct of said ticket agent in instructing appellee to get upon said train. Appellee had the right to rely upon the statement of the ticket agent, whether the same was negligently or intentionally made. The charge of the court fairly submits the issues raised by the pleadings and supported by the evidence.

[2, 3] The court did not err in permitting appellee to ask the conductor what he would have done if plaintiff's fare had not been paid; such question did not call for the opinion, but for a fact. However, said question could not have been harmful to appellant, for the reason that the conductor answered that he did not know what he would have done in such event.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.