McDONALD'S ESTATE et al. v. Mc-DONALD.

(Court of Civil Appeals of Texas. Amarillo. June 29, 1912. Rehearing Denied Oct. 12, 1912.)

1. WILLS (§§ 53, 165*)—PROBATE—CONTESTS—EVIDENCE.

Where the probate of a will is contested on the ground of fraud, undue influence, and mental incapacity, testimony by contestant that decedent had told her that she should have all his property if she outlived him was properly admitted, but evidence that decedent's physical system had given way and mental capacity had decreased until he was unable to attend to his usual business affairs was improper as establishing a false test of testamentary capacity.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 111, 112, 120–130, 415–420; Dec. Dig. §§ 53, 165.*]

2. APPEAL AND ERROR (§ 1048*)—HARMLESS ERROR—OVERRULING OBJECTIONS TO QUESTIONS ASKED WITNESS.

Error cannot be predicated on the overruling of a question asked a witness where the witness answers that he does not know.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. § 1048.*]

3. APPEAL AND ERROR (§ 1048*)—HARMLESS ERROR — IRREGULARITY IN CALLING WITNESS.

The irregularity of a defendant in interrogating an attorney of the plaintiff as to a memorandum from which the attorney had prepared an instrument is not reversible error, where the examination shows that the witness took care of himself and his side of the case during the examination.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. § 1048.*]

4. WILLS (§§ 330, 332*)—CONTESTS—INSTRUCTIONS.

The court, in a will contest on the ground of fraud, undue influence, and mental incapacity, may construe the will, and charge that the jury has nothing to do with the disposition of the property under the will, except so far as it may throw light on testator's mental capacity, and whether undue influence was used on him.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 779–781, 785; Dec. Dig. §§ 330, 332.*]

5. WILLS (§§ 54, 165*)—PROBATE—CONTESTS—EVIDENCE—ADMISSIBILITY.

In a will contest on the ground of fraud, undue influence, and mental incapacity, it was proper to admit the testimony of a witness as to conversations with testator to the effect that he did not say anything about the disposition of his property, except that proponent, his nephew, should have charge of things, and that the nephew had promised to take care of testator's widow.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 131–134, 136, 415–420; Dec. Dig. §§ 54, 165.*]

6. HUSBAND AND WIFE (§ 263*)—COMMUNITY PROPERTY—EVIDENCE—ADMISSIBILITY.

The testimony of a witness to the amount paid by testator for the land devised, and the amount of improvements placed thereon by him before his marriage, and to statements by him after his marriage that he desired some money, which the witness owed him, with which to pay interest due for the purchase price, was properly received to show the facts and the financial condition of testator and his widow, and as to whether the property was separate or community property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 915; Dec. Dig. § 263.*]

7. WITNESSES (§ 159*)—COMPETENCY—TRANSACTIONS WITH DECEASED PERSONS.

A widow contesting the probate of a will of her deceased husband on the ground of fraud, undue influence, and testamentary incapacity may testify to the amount of property and money owned by her at her marriage, and that she had sold her property and loaned her husband money, as against the objection that such testimony was inadmissible as relating to transactions between herself and the deceased

husband within Sayles' Ann. Civ. St. 1897, art. 2302.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 664, 666–669, 671–682; Dec. Dig. § 159.*]

8. WILLS (§§ 53, 164*)—PROBATE—CONTESTS—EVIDENCE—ADMISSIBILITY.

In proceedings to probate a will contested by testator's widow on the ground of fraud, undue influence, and mental incapacity, testimony that two of the beneficiaries under the will were in good financial circumstances was inadmissible, in the absence of evidence that testator knew that fact.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 111, 112, 120–130, 403–414; Dec. Dig. §§ 53, 164.*]

9. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—EVIDENCE—ADMISSIBILITY.

In a proceeding to probate a will contested by testator's widow on the ground of fraud, undue influence, and testamentary incapacity, the evidence of disagreements and quarrels between the widow and the proponent of the will, a nephew of testator, and the wife of the proponent, after testator's death, was not prejudicial where the testimony did not expressly reflect on either proponent or his wife, or show anything that would prejudice the jury against them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

10. EVIDENCE (§ 474*)—OPINION EVIDENCE—MENTAL CONDITION.

In a will contest on the ground of mental incapacity, a subscribing witness to the will is competent to state, in response to a question calling for testator's mental condition at the time of the execution of the will, that testator was rational, and knew what he was doing when he signed the will.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Proceedings by E. C. Baker for the probate of the will of D. McDonald, deceased, in which Mrs. Mattie McDonald appeared as contestant. From a judgment denying probate, proponent appeals. Reversed and remanded.

H. C. Ferguson and Bean & Klett, all of Lubbock, for appellant. W. H. Bledsoe and W. F. Schenck, both of Lubbock, for appellee.

HALL, J. Appellant filed in the probate court of Lubbock county application to probate the will of D. McDonald, deceased. Probate being refused, the case was appealed to the district court of Lubbock county, where upon a trial at the November term, 1911, a verdict was rendered again refusing probate, and from the judgment based upon such verdict the applicant brings the case to this court upon 11 assignments of error.

[1] The first assignment is to the action of the court in overruling proponent's special exception to the contestant's answer. That part of the answer excepted to is as follows: "That frequently prior to the death of testator he told this contestant that he would see that she (appellee) was taken care of in his will; that she should have all his property provided she outlived him; and that while in bed with his last sickness he told this contestant, in substance, that he had taken care of her, and, if he should die, to get a lawyer to protect her interest." The exception was that the mere fact the deceased had orally stated to contestant that he would by his will give her all his property would not be a valid ground, and cannot be set up as a cause for refusing to probate said will. The probation of the will was opposed upon the ground of fraud, undue influence, and mental incapacity on the part of testator, and proof of the facts alleged we think was admissible. Under this assignment, contention is further made that the allegation in contestant's answer to the effect that the deceased was suffering from disease and had been for several months, and that his physical system had given way and mental capacity had thereby been decreased and diminished until he was not capable of attending to his usual business affairs, was insufficient, and should have been stricken out upon exceptions, because inability to attend to his usual business affairs is not a correct legal standard of mental capacity necessary to make a will. The contention is correct, and while that issue was controlled properly by the charge of the court, and the allegation being a legal conclusion from the facts previously alleged, it should have nevertheless been stricken out. Brown v. Mitchell, 75 Tex. 14, 12 S. W. 606.

[2] The second assignment of error complains that the court, over the contestant's objection, permitted the witness Earhart to testify, in reply to appellee's question, that he did not know that appellee had loaned her deceased husband money with which to pay for the section of land which is attempted to be disposed of by the will. The witness having answered that he did not know anything about it, there is nothing upon which error can be predicated. M., K. & T. Railway Co. v. Carlisle, 145 S. W. 653.

[3] The third assignment is based upon the action of the court in permitting contestant's attorneys to take the plaintiff's witness George R. Bean away from proponent, and to interrogate the witness. It appears from the record and the bill of exception that the witness was proponent's attorney; that the matter about which he was being interrogated was a memorandum from which witness had prepared the will. The examination in question and answer form is set out in the court's qualification to the bill, and it appears that the witness was able to take care of himself and his side of the case during the examination. While the proceeding was not regular, we are unable to see that any injury has resulted therefrom, and this assignment is overruled.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appellant insists, under the fourth assignment, that the court erred in not peremptorily instructing the jury ·to find in favor· of probating the will. The evidence was sufficient to authorize the court to' submit both issues of mental capacity and undue influence to the jury.

[4] The court did not err in construing the will of D. McDonald and instructing the jury that with the disposition of the property as attempted to be made under the will the jury had nothing to do only so far as the same might throw light on the mental capacity of the testator, and whether or not undue influence was used upon him in its execution. In the light of the testimony we think the court properly construed the will.

[5] The sixth assignment complains of. the action of the court in admitting the testimony of the witness Bledsoe as to conversation between the witness and testator, in which the witness stated that testator did not say anything to him more about the disposition of his property than that his . nephew, Baker, should have charge of things; that he had promised to take care of him and his widow after he was dead. The witness further testified that he was in a very weakened condition and very feeble. This testimony was objected to because the statement as to any arrangement with Baker (proponent) of any independent business matter was hearsay, and that such hearsay statement was not admissible to prove the existence of such business arrangement or to establish any fact. In our opinion there was nothing improper in the testimony, and that the evidence elicited from this witness pertains to the issues involved.

[6] Under appellant's seventh assignment of error, it is contended that the court erred in admitting the testimony of J. F. Hart as to the amount paid by testator for the section of land mentioned in the will, and the amount of improvements placed thereon by him before his marriage, and as to the statement made by the deceased after his marriage that he desired some money which the witness owed him with which to pay interest due the state for the purchase money of said land. We think the jury were entitled to have before them for their consideration all the facts showing the financial condition of the testator and of appellee, his wife, as to whether the property then owned was separate or community property of testator and contestant, and that any evidence as to its acquisition and improvement was relevant. Simon v. Middleton, 51 Tex. Civ. App. 531, 112 S. W. 441.

[7] Appellant insists, under the eighth assignment, that contestant, Mrs. Mattie McDonald, wife of testator, should not have been permitted to testify as to the amount of property and money owned and held by her at the time of her marriage to the deceased, and that she had sold her property and loaned her husband the money that she received for it, and that she never loaned any money to any other person except her husband. This testimony was objected to because not relevant, based upon no pleading in the case, and because it was permitting her to testify as to the transactions between herself, a party to the suit, and the deceased, and was inadmissible under article 2302, Sayles' Civil Statutes. We do not agree with appellant in either of the contentions made, and the case is clearly not within the article of the statute referred to. Tennison v. Palmer, 142 S. W. 948.

[8] The ninth assignment of error is as follows: "The court erred in permitting the contestant, Mattie McDonald, to testify, over the objections of proponent, that two of the beneficiaries under the will offered for probate were in good financial circumstances. Such testimony is clearly irrelevant and inadmissible, unless it appears that testator had knowledge of such fact, but reference to the bill of exceptions shows that the testimony does not sustain the statement in the assignment as to the financial circumstances of the beneficiaries. On the contrary, it shows that neither of them was in good circumstances financially, and the assignment is overruled.

[9] The tenth assignment insists that the court erred in permitting contestant, Mattie McDonald, to testify over the objections of proponent as to disagreements and quarrels between Mattie McDonald and E. C. Baker, proponent of the will, and the wife of the said Baker, after the death of McDonald, and in permitting the witness to prove that neither Baker nor his wife did their duty while living with contestant, and sought to take advantage of her, and that Baker did not do his duty in providing and furnishing his part of the provisions, and that said Baker and one Gillis attempted to take part of her property and convert it to Baker's use. We have carefully reviewed all the testimony upon this point and the bill discloses ill humor upon the part of appellee alone. There is nothing tending to show any abuse of appellee on the part of Baker or his wife during the 20 days they remained in appellee's home, and the fact with reference to the hogpen being moved, and the failure to kindle a fire in the stove, are insufficient upon which to base a judgment reversing the verdict of the jury. The testimony discloses nothing which could seriously reflect upon either Baker or his wife, or that would in any way tend to prejudice a jury of sensible men against them. However, since the evidence can in no way relate to the issue to be tried, upon another trial it should not be admitted.

[10] The eleventh assignment is leveled at the action of the court in striking out the testimony of Dr. J. N. Stoops, one of the subscribing witnesses to the will, offered for

probate, as to the mental condition of testator at the time he signed the will. The question asked is: "State what was the mental condition of D. McDonald at the time he signed the instrument about which you have been interrogated and state particularly whether or not in your opinion he understood what he was doing." The witness answered that he believed that testator was rational, and that he believed that he knew what he was doing when he signed the instrument. The general rule is that under such circumstances a witness cannot answer a question if his answer embodies a legal conclusion, but we believe that the question and answer insisted upon by appellant was not subject to this objection. This testimony was certainly material. The battle ground of this controversy was as to the mental capacity of the testator and this witness, who was his medical attendant for several days before his death, was apparently above all other witnesses best qualified to express an opinion upon the matter, and we think the action of the court in striking out this part of the deposition will require a reversal of the judgment. Trezevant v. Rains, 25 S. W. 1093.

For the errors indicated, the judgment is reversed, and the cause remanded.