SMITH v. RICHARDSON et al.

(Court of Civil Appeals of Texas. San Antonio. Dec. 13, 1911.)

TRUSTS (§ 93*)—PROPERTY SUBJECT—DEEDS—RECORD.

Y. purchased certain land for plaintiff July 22, 1909, with money furnished by plaintiff, a deed being made to Y. by mistake and afterwards conveyed by him to plaintiff. Before either of these deeds were recorded, an attachment was levied on the land as the property of Y. and a judgment having been rendered against him steps were taken to enforce the same against the land. Held, that the land belonged to plaintiff from the beginning, and was not subject to the writ.

[Ed. Note.—For other cases, see Trusts, Cent Dig. § 142; Dec. Dig. § 93.*]

Appeal from District Court, Atascosa County; W. W. Walling, Special Judge.

Suit by R. R. Smith against T. L. Richardson and others, to restrain the sale of certain land to pay a judgment against one Young. From a judgment in favor of defendants, plaintiff appeals. Reversed and rendered.

See, also, 138 S. W. 426.

W. J. Bowen and Frank H. Burmeister, for appellant.

FLY, J. Appellant sued T. L. Richardson, sheriff of Atascosa county, and P. B. Winn, alleging that he owned lot 16, block 216, in Jourdanton, that he purchased the land from the Central Townsite Company in San Antonio, through C. S. Young, the deed being made to Young by mistake and afterwards conveyed by Young to appellant, that on

September 21, 1909, P. B. Winn had sued Young and had obtained and levied a writ of attachment on the land aforementioned, that afterwards a judgment was obtained by Winn against Young for $60.62 and the attachment lien foreclosed, and an order of sale had been issued by the justice of the peace directing the sheriff aforesaid to sell the land in question, and that the same would be sold if the sheriff was not restrained by injunction. A temporary writ of injunction was issued by the district judge, and he not being present when the case was called for trial a special judge was elected who tried the cause and dissolved the injunction and decreed that appellant take nothing by his action and pay all costs of the suit.

It was admitted that the attachment was levied on the land on September 21, 1909, that judgment was afterward obtained by Winn against Young for his debt, that the attachment lien was foreclosed, and the lot ordered sold by the justice of the peace. Jourdan Campbell, president of the Central Townsite Company, swore that he sold the lot to C. S. Young on July 22, 1909, for $100, which was paid by Young. He said: "I am under the impression that something was said at some time as to plaintiff R. R. Smith as to this lot. * * * My mind is not clear as to what was said in relation to this lot—about it being Smith's lot. There was something said at some time about it, but I do not remember whether it was at that time or not." The deed was sent to James A. Waltom to be delivered to C. S. Young, and he mailed it to Young, care of appellant, and the letter was received and opened by appellant. Young testified that he bought the lot for Smith and that he instructed Campbell to make the deed to Smith, but it was not done, but witness did not know of that fact until August 12, 1909, when he was requested by Smith to execute a deed to him which he did, but did not acknowledge it because there was no notary public present and afterwards he was not in Jourdanton. He afterwards, on September 20, 1909, acknowledged the deed at the request of Smith. Appellant and Young both swore that they knew nothing about the suit when the deed was acknowledged. Appellant testified to practically the same things that Young testified to, and both of them stated that the $100 paid by Young to Campbell was repaid to Young by Smith on same day that the land was bought, and Young returned it to Smith and requested him to place it to the credit of Young in a bank at Pleasanton, which he did on the same day. The bank books showed the deposit was made by appellant for C. S. Young on the date named. The evidence of Young and appellant was not contradicted, and there is nothing unreasonable or suspicious about the matters narrated by them.

The testimony shows that the land was bought for Smith, that his money paid for it, and that he had $1,000 worth of improvements on it when the attachment was levied upon it. The property belonged to Smith, no matter in whose name the deed was taken, and a creditor of Young cannot take the property from him because the two deeds were not on record. There is no innocent purchaser to protect, and the registration laws cannot be invoked in order to take appellant's property to pay Young's debt to Winn. Appellant was in the possession of the land when the attachment was levied, and his improvements were almost completed, and Winn was put upon notice of his claim. The evidence indicates that Winn had notice of Smith's claim and was inquiring of Waltom about it before the attachment was levied.

Because the judgment is contrary to the uncontroverted evidence it is reversed, and judgment here rendered that the temporary injunction be perpetuated, and that appellant recover all costs in this behalf expended.