**HAND v. ERRINGTON et al.**
**(No. 325-3671.)**

(Commission of Appeals of Texas, Section A. Feb. 21, 1923.)

**1. Limitation of actions ⊜►19(3)—Action to establish trust in land not subject to two-year statute, because alternative money judgment sought.**

An action primarily to establish a trust in plaintiff's favor in an undivided interest in land, and to recover such interest, where the establishment of such trust is essential to recovery, is not changed to one for debt or recovery of damages, which is subject to the two-year statute of limitations, by reason of the fact that a money judgment is prayed for in case rights of third parties have intervened and prevented the establishment of the trust.

**2. Limitation of actions ⊜►102(1)—Will not run against cestui qui trust ignorant of rights.**

No sort of limitations will run against an action to establish a trust in land by a cestui qui trust ignorant of his rights.

Error to Court of Civil Appeals of Second Supreme Judicial District.

On second motion for rehearing. Overruled. For original opinion, see 242 S. W. 722.

W. J. Oxford, of Stephenville, and John Hancock and W. B. Powell, both of Fort Worth, for plaintiff in error.

Miller & Miller, of Fort Worth, and Frank H. Booth, of San Antonio, for defendants in error.

GALLAGHER, P. J. The opinion of this court in this case is found in 242 S. W. 722. In that opinion we recommended that the judgment of the Court of Civil Appeals, 233 S. W. 567, affirming the judgment of the trial court, be affirmed. The judgment so recommended was adopted and entered as the judgment of the Supreme Court. Plaintiff in error filed a motion for rehearing, which the Supreme Court on the recommendation of this court overruled. Plaintiff in error has, with the permission of the Supreme Court, filed a second motion for rehearing, which motion is now before us for consideration. Defendant in error, joined by her husband, instituted this suit to recover an undivided one-half interest in certain lands, which she alleged had been purchased by plaintiff in error with the proceeds of the community estate of plaintiff in error and his deceased wife, who was the mother of defendant in error. She alleged that plaintiff in error held the legal title to her interest in said lands in trust for her, and prayed that such trust be established, and that she recover her interest therein, and that the same be set off to her by partition. She further prayed that, if adequate relief in this respect could not be given her on account of sales made, or incum-brances placed on said lands by plaintiff in error, in the alternative, she have judgment for such damages as she was found to be entitled to recover by reason of the premises. Plaintiff in error pleaded the two, four, and ten year statutes of limitation. The case was submitted on special issues, and on the findings of the jury in response thereto judgment was entered in favor of defendant in error for damages only.

[1] Plaintiff in error insists that we erred in our original opinion in holding that the statutes of limitation pertinent to actions for the recovery of the lands alone applied, and contends that, inasmuch as defendant in error recovered a moneyed judgment only, the statutes of limitation pertinent to personal actions apply, and that defendant in error's cause of action was barred thereby at the time of the institution of this suit. Defendant in error's suit was primarily to establish a trust in her favor in an undivided interest in said lands, and to recover such interest. It was necessary for her to establish such trust to show herself entitled to any relief at all. Her prayer in the alternative for personal judgment for damages in event she could not, by reason of the intervening rights of third persons, recover the lands after having established the trust was but an enlargement of the relief sought, and was not the assertion of another and different cause of action. Her suit was neither an action for debt nor an ordinary suit for damages, and the two-year statute of limitation had no application. Home Investment Co. v. Strange, 109 Tex. 342, 347, 348, 204 S. W. 314, 207 S. W. 307.

[2] This suit was instituted on October 6, 1919. As stated in our original opinion in this case, the Court of Civil Appeals found that defendant in error did not discover her rights in the lands sued for until a short time prior to the institution of this suit. So long as she remained ignorant of her rights, no sort of limitation ran against her. Rice v. Ward, 92 Tex. 704, 708, 51 S. W. 844; Yeaman v. Galveston City Co., 106 Tex. 389, 426, 167 S. W. 710, Ann. Cas. 1917E, 191.

Since this suit was filed within less than four years after defendant in error discovered that community property had been invested in said lands, and that by reason of such fact she was entitled to an interest therein, neither the four nor the ten-year statute so pleaded was available as a defense thereto. It is therefore unnecessary to determine which of said statutes would apply in this case if the facts called for the application of one or the other, and our original opinion is so modified as to leave such issue undetermined. Home Investment Co. v. Strange, supra.

We recommend that plaintiff in error's second motion for rehearing be overruled.