## VAN ALLEN et al. v. DOROUGH.[*]

### In re VAN ALLEN.

(Circuit Court of Appeals, Fifth Circuit. November 27, 1926.)

No. 4868.

**1. Trusts ⬅⟹358(1)—Minors having undivided interest in stock of merchandise sold in bankruptcy after continuance of business by guardian could impress trust on proceeds (Rev. St. Tex. 1925, art. 2578).**

Undivided interest of minors in community property consisting of stock of goods not used to pay community debts, under Rev. St. Tex. 1925, art. 2578, could not be cut off by continuance of business by widow, qualifying as guardian of the minors, resulting in bankruptcy, and the minors could impress a trust on the proceeds of stock sold by order of court, where the stock at all times exceeded the interest of the children.

**2. Guardian and ward ⬅⟹37—Guardian cannot carry on partnership business for estate, so as to make minors' interests subject to its debts (Rev. St. Tex. 1925, arts. 3427, 4174).**

Under Rev. St. Tex. 1925, art. 4174, and in view of article 3427, guardian cannot carry on partnership business for estate, and probate court did not have power to create partnership for minors with guardian, so as to subject minors' interests to debts created by guardian.

*For opinion below, see 14 F.(2d) 494.

**3. Trusts ⬅⟹358(1)—Beneficial owner of property impressed with trust can claim proceeds in whatever form they be.**

Beneficial owner of property impressed with trust can claim proceeds in whatever form they be, if he can identify them and rule applies to property as well as to money.

**4. Bankruptcy ⬅⟹398(1)—Inherited undivided interest of minors, impressed as trust on proceeds of stock of merchandise sold in bankruptcy, held not enforceable against homestead belonging to guardian and minors to permit marshaling assets (Const. Tex. art. 16, § 50).**

Under Const. Tex. art. 16, § 50, protecting homestead from forced sale for debts, inherited undivided interest of minors, impressed as trust on proceeds of stock of merchandise sold in bankruptcy, could not be enforced against homestead belonging to their guardian and themselves, so as to permit marshaling of assets for benefit of creditors.

Appeal from the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

In the matter of Mrs. Minnie Van Allen, bankrupt, in which R. P. Dorough was appointed trustee in bankruptcy. From an order of the District Court, denying the right of minors, suing by their next friend, B. D. Marshall, to be paid in full out of the estate, but allowing their claim as an unsecured claim against the estate, Geraldine Van Allen and others appeal. Reversed, with directions.

H. B. Marsh, of Tyler, Tex. (T. B. Stinchomb, of Longview, Tex. (Marsh & McIlwaine, of Tyler, Tex., and Young & Stinchomb, of Longview, Tex., on the brief), for appellants.

J. Q. Mahaffey, of Texarkana, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellants are minor heirs of their father, B. W. Van Allen, deceased. They filed their petition to require the trustee of their mother's bankrupt estate to account to them for the full amount of $7,704.10, the value of their one-third interest in a stock of goods which they inherited from their father.

The facts are not in dispute: B. W. Van Allen died intestate in 1917, and left surviving him his widow, the appellants, and an adult daughter by a former marriage. At the time of his death, Van Allen was engaged in the mercantile business, and was possessed of a stock of goods of the value of $23,112.31, which was community property of himself and his wife. A temporary ad-

ministrator was appointed, all debts were paid, and the stock of goods was delivered to the widow, as survivor of the community estate and as guardian of the minor children. The widow purchased the interest of the adult daughter, which left her owning two-thirds and appellants one-third, of the stock of goods, and continued to carry on the business in the name of the "B. W. Van Allen estate" until she was adjudged a bankrupt in 1925, at which time the debts incurred in conducting that business exceeded $35,000.

While the stock of goods was depleted by sales and replenished by purchases from time to time, its integrity as such remained, and its value at all times was greater than the interest of the minors. The trustee in bankruptcy sold the stock of goods for $8,500 and the fixtures for $1,500, which were the best possible prices obtainable. In 1922 the judge of probate entered an order authorizing Mrs. Van Allen to continue the mercantile business for the interest of the minors in connection with her own interest, and providing that the interest of the minors should be liable for their proportionate share of any indebtedness that might accrue. That order recited that, when Mrs. Van Allen qualified, as guardian, the court had made a similar order, but that it had not been entered of record. In 1920 Mrs. Van Allen took out of the business and invested $6,000 or $7,000 in improvements on the family homestead, which she still owns and uses as the homestead of herself and minor children.

The order of the District Judge, from which this appeal is taken, denies the right of appellants to be paid in full, but allows their claim as an unsecured claim against the bankrupt estate.

[1, 2] We are of opinion that the evidence established a resulting trust in favor of appellants, and consequently that they were entitled to be paid in full out of the funds received by the trustee from the sale of the stock of goods. Upon the death of the husband, the wife was entitled to one-half of the community property, and the other half passed to the children. Texas Revised Civil Statutes 1925, art. 2578. No part of the stock of goods was devoted to the payment of community debts, and therefore a third interest therein, free and unincumbered, passed to the minor children.

Appellants, being minors, had not the capacity to enter into a contract of partnership. No question of ratification arises, as they are still minors. Nor, in our opinion, did the probate court have the power to create for them a partnership with their mother; and this seems to be the view of the District Judge, as he treated them, not as partners, but as unsecured creditors. Article 3427, Texas Revised Civil Statutes 1925, authorizes an administrator to continue the business of an estate. In Altgelt v. Alamo National Bank, 98 Tex. 252, 83 S. W. 6, that statute was held insufficient to authorize an administrator to conduct a partnership business. Article 4174 authorizes a guardian to carry on the business of an estate. The two articles are substantially the same, except that an administrator may act without an order of court; whereas a guardian is only authorized to act upon an order of court.

But, the authority to carry on the business of an estate is exactly the same in the case of a guardian as it is in the case of an administrator, and it would seem to follow that if an administrator cannot carry on a partnership business for an estate, a guardian cannot. The just cited case therefore seems to be applicable here, and to deny the power of the probate court to subject the interest of appellants in the stock of goods they inherited from their father to the debts incurred by their mother acting as guardian. The result is that a resulting trust arose in favor of appellants, and they are still entitled to their share of the stock of goods or to the proceeds derived from the trustee's sale, unless their right thereto has been lost by reason of the sale of the original stock or substitution of other goods. In the very similar case of Cochran v. Sonnen, 26 S. W. 521, it was held by the Court of Civil Appeals of Texas that such right was not lost. [3] That decision is in accord with the general rule that whenever property in its original form has once been impressed with a trust, no subsequent change in form can divest it of its trust character, but the beneficial owner can claim the proceeds whatever be their form if he can identify them. 26 R. C. L. 1348, 1354; Bank v. Weems, 69 Tex. 489, 6 S. W. 802, 5 Am. St. Rep. 85. The doctrine is not limited to money, but applies to any kind of property. The case of Cunningham v. Brown, 265 U. S. 1, 44 S. Ct. 424, 68 L. Ed. 873, is not in point. The holding there was that it was impossible to trace the funds, because they had become exhausted. In this case there was always a sufficient stock of goods on hand, which had been substituted for the original stock, out of which the resulting trust in favor of appellants could be satisfied. The right of appellants to reclaim their property is not affected by the bankruptcy of their mother, since the creditors are not entitled to the proceeds of any property except that of the bankrupt.

[4] It is suggested by the trustee that appellants could enforce their claim against the family homestead as well as against funds in the hands of the trustee, and that this is a proper case for marshaling of assets. Section 50 of article 16 of the Texas Constitution provides that the homestead is protected from forced sale for the payment of all debts except for the purchase money thereof, for taxes, and for work and material used in constructing improvements thereon, where such work and material are contracted for in writing.

Manifestly appellants do not possess a claim at all within either of these classes of debts. They are not creditors in any sense, but are seeking to recover property which they claim as their own.

The decree is reversed, with directions to grant the relief prayed for in the petition of appellants.