BENJAMIN STATE BANK et al. v. REED.

No. 1968.

Court of Civil Appeals of Texas. Eastland.

March 15, 1940.

174

L. M. Williams, of Benjamin, and Ocie Speer, of Austin, for appellants.

J. W. Chancellor and Donald, Kearby & Donald, all of Bowie, for appellee.

**FUNDERBURK, Justice.**

On March 27, 1936, Mrs. Mattie Reed, a feme sole, filed this suit against the Benjamin State Bank. By her first amended original petition, filed May 8, 1936, Z. Gossett, Banking Commissioner of Texas, was made a party defendant along with the original defendant, the reason therefor appearing from the allegation that "on or about the ——— day of April 1936, the said defendant The Benjamin State Bank closed its doors and said defendant bank and all of its assets and claimed assets were taken over * * by Z. Gossett, Commissioner of Banking", etc.

The first part of plaintiff's first amended original petition consisted of the usual allegations in a statutory action of trespass to try title. Then followed in purportedly an "alternative count", but in which all previous allegations were adopted as a part of such (so-called) "alternative count", the averment of a cause of action to remove clouds from plaintiff's title to the land in question; the clouds consisting of a deed of trust purportedly executed by plaintiff and her since deceased husband on or about February 20, 1929, and a trustee's deed to said bank executed under the power purportedly granted in said deed of trust. Said instruments were sought to be avoided upon a number of grounds, including the mental incapacity of plaintiff to execute the deed of trust, which mental incapacity was alleged to have continued until about three years before the filing of the suit, during all of which time up to May 1, 1933, she was in possession of said land.

The case was submitted to a jury upon special issues. Upon the verdict of the jury judgment was rendered for the plaintiff, from which the defendants have appealed.

The parties will be referred to as "plaintiff" and "defendants", the same as in the trial court. This is the second appeal of this case. Reed v. Benjamin State Bank, Tex.Civ.App., 114 S.W.2d 365. Upon the former appeal it seems there was no question presented regarding the sufficiency of the pleadings. Defendants now contend that the court erred in overruling their general demurrer to plaintiff's petition. It is insisted that the petition was insufficient because of the omission of any allegation to the effect that prior to the filing of the suit the claim in suit had been presented to the Banking Commissioner.

■ The plaintiff apparently attempted to fortify her petition against the general demurrer by a pleading entitled "Plaintiff's First Supplemental Petition." This pleading alleged no fact in the nature of an admission that at the time the suit was filed the assets had been taken over by the Banking Commissioner. We regard this pleading as tendering no issues which require further notice. If plaintiff's petition was subject to the general demurrer as urged, then it received no aid from the allegations in the supplemental pleading. In First Nat. Bank of Knox City v. Boyd, Tex.Civ.App., 75 S.W.2d 928, 929, we cited a long list of authorities upon which we reached the conclusion, applicable here, that: "It is a basic principle of our system of pleading that a supplemental pleading cannot be made to supply such deficiencies in an original or amended pleading as are reached by general or special exceptions."

■ ■ In our opinion, the omission from the pleading of such allegation did not render the pleading subject to general demurrer. The suit was at first brought against the Benjamin State Bank as sole defendant. According to the allegations in the pleading, the sufficiency of which is here challenged, the suit was filed on March 27, 1936, and the bank was closed, and possession of its assets taken over sometime in April thereafterwards. According to such allegations the suit was pending when the Banking Commissioner took possession of the assets of the bank. If so, the plaintiff was under no obligation to present the claim involved in the suit to the Banking Commissioner, even if such claim was one otherwise required to be so presented.

If at the time the suit was filed the assets of the bank, contrary to the allegations of the pleading, had in fact already been taken into the possession of the Banking Commissioner, the failure of plaintiff's petition to show such fact, even if the claim in suit was one required to be presented as a condition precedent to the right to maintain the suit, would not render the pleading subject to a general demurrer. If it was a fact, and the fact had appeared from plaintiff's pleading that at the time the suit was filed the assets of the bank had been taken over by the Banking Commissioner, then it would be necessary for us to determine whether the claim was one required to be presented. Clearly we think that question is not presented by the action of the court in overruling a general demurrer. It was necessary for the defendants, by plea in abatement, or affirmative defense in bar, to present such question. The allegations in plaintiff's petition were entirely consistent with the proposition declared in L. G. Balfour Co. v. Z. Gossett, 131 Tex. 348, 115 S.W.2d 594, 598, that the requirement for presentation of claims of the character which defendants contend this is one, has "no application to a case * * * where a bank, while a going concern, was sued on a claim against it, and thereafter, while such suit was pending, the bank failed and was taken in charge by the banking commissioner."

■ In our opinion, if it be granted, provisionally, that the suit involves the subject matter of a claim which, under some circumstances, would be required to be presented to the Banking Commissioner before suit, the evidence did not conclusively establish the existence of such circumstances. Hence, the court did not err in refusing to direct a verdict for the defendants upon that ground.

■ If there was evidence raising such an issue, the issue was an element of an independent ground of defense which, not being submitted by the court, nor requested by the defendant (so far as the record discloses), must be held to have been waived by the defendants.

■ The defendants requested a special issue stated thus:

"Do you find from a preponderance of the evidence that it was the intention of the parties, Mrs. Mattie Reed and her husband, W. H. Reed, that the proceeds of the plaintiff's lands inherited from her parents, then in hand, should constitute and be their community property for the purpose of purchasing the lands in controversy? You will answer this issue 'yes' or 'no' accordingly as you find the facts to be.

"In connection with the foregoing issue you are instructed that by the term 'community property' as therein used is meant the common property of the husband and wife and not the separate property of either."

It is our conclusion there was no error in the action of the court in refusing to submit such requested special issue. The question presented is in effect the same as that decided upon the former appeal. There the question was whether *land* purchased with the separate property of the wife could by intention of the husband and wife be changed to community property; while the question here is whether *money* constituting the separate property of the wife, by the intention of the husband and wife, can be changed to community property. The requested issue, as worded, if it had been given, would not have elicited a finding of whether or not there had been a gift of the money by the wife to her husband. It seems to be contended that there was a gift of the wife's separate property to the *community estate*. We recognize that the separate property of the husband or wife may be the subject of a gift by either to the other, but we think there is no warrant in law or logic for the proposition that the separate property of either spouse may be the subject of a gift to the *community estate* as something distinct from a gift to the husband or wife.

The definition of community property accompanying the requested special issue shows an assumption by the defendants that the term was one required to be defined or explained. This assumption, we think, was correct. The proposed definition would have afforded no aid to the jury in rendering their verdict upon the issue had it been given. The jury was supposed not to know the technical meaning of either "community property" or "separate property", and such information would not have been afforded by telling them that community property was the "common property of the husband and wife and not the separate property of either."

176

■ In order to be heard to complain of the refusal of the court to give a requested special issue, the burden was upon the defendants to prepare the issue accompanied by the necessary definitions or explanations of legal terms, if any, so that the court could give or refuse same simply by indorsing thereon the word "given" or "refused." Harris v. Thornton's Dept. Store, Tex.Civ.App., 94 S.W.2d 849.

■ Another issue requested by the defendants, the submission of which was refused by the court was: "Do you find from a preponderance of the evidence that between the dates of February 29, 1929 and March 27, 1932, the plaintiff, Mrs. Mattie Reed, had periods or times of mental soundness and capability? You will answer this issue 'yes' or 'no' accordingly as you find the facts to be." The defendants pleaded limitation of four years. That was an affirmative defensive issue, the burden of establishing which, either conclusively by the uncontroverted evidence, or by the verdict of the jury, was upon the defendants. Such issue not having been submitted and it not appearing that the defendants requested its submission, we are authorized to presume, unless the contrary appears, that such issue was not raised by the evidence. We cannot presume that the issue was conclusively established by the evidence, since in that case the judgment would presumably have been for the defendants. Evidence of mental unsoundness of the plaintiff had relation to two distinct issues. One which plaintiff had the burden of establishing involved the validity of the deed of trust. The other, which the defendant had the burden of establishing, involved limitation. The evidence supporting plaintiff's mental incapacity to bind her property by the deed of trust at the same time warranted a presumption of the continuance of such condition of mental unsoundness. Unrebutted, such presumption would authorize a finding that the mental unsoundness continued, as alleged by the plaintiff, until May 1, 1933. It, therefore, appears that if special issue No. 5, found by the jury to the effect that the mental incapacity of plaintiff continued from February 20, 1929, until July, 1933, had not been submitted, that would have been immaterial as affecting plaintiff's right to a judgment upon the other issues. The fact that it was submitted and found in the affirmative did not affect the correctness of the judgment. Issue No. 5 was itself a defensive issue relating to limitation. The issue requested and refused was, therefore, a mere negative statement of the same issue. It was to say the least not a correct submission of the issues of limitation, but at most an inquiry seeking the finding of an evidentiary fact relating to that issue.

■ However, the issue of continued mental unsoundness up to within four years before the filing of the suit was not alone conclusive of the defense of limitation. As shown by the statement of the case, the cause of action alleged was one to remove cloud from title. Plaintiff alleged that she retained possession of the land until on or about May 1, 1933. Against a cause of action to remove cloud from title limitation did not begin to run during the continued possession of plaintiff. "An owner of land in possession has a right, continually arising, to maintain a suit to remove a cloud from his title. Hence limitation may not be successfully invoked as a defense." 34 Tex.Jur. 829, § 16; State Mortg. Corp. v. Ludwig, 121 Tex. 268, 48 S.W.2d 950; Texas Co. v. Davis, 113 Tex. 321, 254 S.W. 304, 255 S.W. 601; Luker v. Anderson, Tex.Civ. App., 10 S.W.2d 149; Reese v. Granau, Tex.Civ.App., 27 S.W.2d 591; Pannell v. Askew, Tex.Civ.App., 143 S.W. 364. It was, therefore, immaterial if plaintiff did have lucid intervals—a finding of which fact was sought to be elicited by the question requested to be submitted as an issue. In order to establish its defense of limitation, the defendants had the burden to show (1) that the otherwise presumed continuance of mental unsoundness ceased more than four years before the filing of this suit, and (2) that plaintiff gave up the possession of the land more than four years before suit.

If there was any evidence even to raise these issues involved in the defense of limitation as barring the cause of action to remove the cloud from title, it certainly did not conclusively establish them, and hence same not having been submitted nor requested have been waived.

Upon the whole, it is our conclusion that no error is shown, that the judgment below should be affirmed, and it is accordingly so ordered.