**BOETTCHER et al. v. MEANS et al.**

No. 11868.

Court of Civil Appeals of Texas. Galveston.

April 3, 1947.

J. S. Bracewell, of Houston, for appellants.

Baker, Botts, Andrews & Walne and Paul Port, all of Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought by Maxine Boettcher Means, joined by her husband, seeking a declaratory judgment establishing her interest in the estate held by her father, Clem Boettcher, at the time of his death. Appellee is the daughter of Clem Boettcher by a prior marriage. The defendants in the action are the surviving widow of Clem Boettcher, and their two children, Charles F. and Clementine Boettcher.

A declaratory judgment was rendered by the trial court finding that all lands and other assets held by Clem Boettcher at the time of his death had been acquired by him by the use and investment, or reinvestment, of the properties belonging to the community estate of himself and his deceased wife, and that appellee was entitled to a one-half interest therein as a tenant in common with her father. A one-half interest in the properties and assets acquired by the decedent after the date of his second marriage was held to constitute the community estate of the deceased and his surviving widow, who was also awarded a life estate in one-third of his real property and separate personal property. The remainder of decedent's estate was divided between appellee and the two minor children in equal shares.

Appellants present the single point on appeal that the evidence adduced on the trial was insufficient to sustain appellee's contention that she was entitled to the claimed interest in the estate of Clem Boettcher, at the time of his death, as against the interest of the two minor children of the second marriage.

It is undisputed that Jean Boettcher, the first wife of Clem Boettcher, died intestate January 13, 1911, leaving appellee, Maxine Boettcher Means, her only surviving child; and that no administration was taken out on her estate. At the time of her death Jean Boettcher and her husband had accumulated an estate valued at $100,000, consisting approximately of 1200 acres of land and various items of personal property.

After the death of his wife in 1911 Clem Boettcher continued his farming and ranching operations in the same manner as during his wife's lifetime. No division, partition, or accounting thereof was ever made and the proceeds and income from the business were commingled and the entire estate and business was kept intact until his death.

Under Art. 2578, Revised Statutes of 1925, Jean Boettcher having died intestate, one-half of the community estate of herself and her husband passed to appellee, her only child, and since there were no administration proceedings, Clem Boettcher held the one-half interest of appellee in said property as trustee, and her proportionate ownership thereof continued until the trust was ended by the death of Clem Boettcher.

The case of Spencer v. Pettit, Tex.Civ. App., 17 S.W.2d 1102, affirmed Tex.Com. App., 34 S.W.2d 798, in a suit by minor children to recover their interest in community property some of which had been disposed of by their father and in which it was contended that plaintiffs had failed

to trace and identify the proceeds or increase of property into specific property sold by the father, it was held that appellees had sufficiently traced their interest in the community property and had identified the properties in which their funds had been invested and had made a prima facie case when they had shown the amount, character, and value of the community estate as it existed after the death of their mother; the fact that their father had used the entire estate in his ranch business, selling and investing the proceeds as his own, mixing their interest with his, and that he had acquired no property from any other source.

The case of Eaton v. Husted, 141 Tex. 349, 172 S.W.2d 493, 497, involved the interest of a party who discovered that her grandmother had transferred certain property to an uncle under an agreement that he would hold it in trust for the plaintiff. The plaintiff was awarded a pro rata share in the assets in the entire estate of the trustee on the theory that the property in the trust estate had been sold and the proceeds confused and commingled with the trustee's personal funds and that it was impossible to trace the exact proportion of trust funds used in purchasing the properties which the trustee owned at the time of his death.

In its opinion the court said:

"Certain it is that he took what money he thus received from his mother's estate and commingled and confused it with his own funds and estate. * * *

■ "A great authority has written that 'where there has been no positive loss, but the whole funds, principal, profits and proceeds, are in the trustee's hands in their mingled condition, the burden of proof rests upon him of showing most conclusively what portion is his, and whatever of the mixed fund, including both profits and principal, he cannot thus show to be his own, even though it be the whole mass, will be awarded to the beneficiary.' * * * Another writer has said that the trustee must not mingle the trust fund with his own; that, if he does, the beneficiary may follow the trust property, and claim every part of the blended property which the trustee cannot identify as his own; that

if he fails to keep clear, distinct and accurate accounts, all presumptions are against him, and all obscurities and doubts are to be taken adversely to him. * * *"

In the case In re Van Allen, 5 Cir., 15 F.2d 940, the court permitted the fixing of a trust for the benefit of the children of a deceased parent in a mercantile business including a stock of merchandise which had been repeatedly replenished over a long course of years, as against claims of creditors in excess of the value of the stock of goods at the time the interest of the claimants was inherited.

■ Under the above authorities and under the findings of the trial court, which are based upon undisputed evidence, appellee was, we think, entitled to recover a one-half undivided interest in the property involved. The judgment of the trial court must be in all things affirmed.

Affirmed.