BORN et al. v. BLUESTEIN et al.
No. 4611.

Court of Civil Appeals of Texas. Beaumont.
May 12, 1949.

Cecil & Keith, Beaumont, for appellants.

Gannon & Port, Houston, J. W. Williams, Port Arthur, for appellees.

R. L. MURRAY, Justice.

This is an appeal from a declaratory judgment entered in the district court of Jefferson County, 60th Judicial District, on February 5, 1949, upon a suit in equity by Peggy Born and husband against Ed Bluestein, et al., to review a judgment rendered in the district court of Jefferson County, 58th Judicial District, on March 1, 1945.

The appellant, Peggy Born, wife of Maurice Born, was a single woman and a minor at the time of the rendition of said judgment on March 1, 1945, and said judgment attempted to adjudicate property rights in which she was interested as a beneficiary under the terms of the will of her deceased grandfather, Alexander Blue-stein, without adequate and proper representation of her in such suit.

The court in the case now before us on appeal held that the first judgment should be re-opened and reviewed for the reason that appellant Peggy Born and other minors were not therein properly represented, and after an extensive trial found and held that on the merits of the case the original judgment should be approved and confirmed.

The suit originated as an action by Ed Bluestein, suing in his individual capacity and as trustee for his minor children, Ed Bluestein, Jr., and Frances Anne Bluestein, against Leon Bluestein, individually, and Frank Bluestein in his individual capacity and as independent executor of the estate of A. Bluestein, deceased, and as trustee for his minor daughter Peggy Bluestein (now the appellant Peggy Born). Other parties were originally named as defendants but they have now been dismissed from the suit and are no longer parties. The petition alleged in substance that the original plaintiff, Ed Bluestein, and the two original defendants, Leon Bluestein and Frank Bluestein, were the sons and only surviving children of Alexander Bluestein and his wife, Lena Levy Bluestein; that their mother died May 22, 1919, and by her will, which was duly admitted to probate in the County Court of Jefferson County, Texas, their mother gave and bequeathed to her said three sons each an undivided one-third interest in all her interest in the community property of herhelf and husband, A. Bluestein; that by the terms of said will the said A. Bluestein was appointed independent executor of her will without bond and in the year of 1920 he qualified as such. The petition further alleged, in substance, that all the property in the State of Texas held in the name of or under the control of A. Bluestein or Lena Levy Bluestein at the time of her death was their community property, and that all of such property consisted of a going mercantile business in the city of Port Arthur, Jefferson County, Texas; that there was never any final accounting by his father, A. Bluestein, as independent executor of his mother's estate with the plaintiff nor with the other two brothers, Frank Bluestein and Leon Bluestein, and that

after the death of the said Lena Levy Bluestein, the said A. Bluestein continued to control, manage and to supervise all of the assets which constitute the community property of himself and his wife, and to invest, reinvest and handle and commingle all of the assets of said community estate and the income and profits therefrom until the time of his death in September, 1944; that during all of said time the said A. Bluestein held in trust for his three sons a one-half interest in said property, not only the corpus thereof but all rents, profits and increases; that at the time of the death of the said A. Bluestein on September 18, 1944, the community interest of the said Lena Levy Bluestein, together with the interest of the said A. Bluestein, consisted of various listed real property in the City of Port Arthur, Texas, cash, accounts receivable, notes receivable, inventoried merchandise, deferred charges, fixtures and equipment, United States bonds, bank stock, building and loan association stock, the total of which was estimated to be valued at a substantial sum; that the said A. Bluestein at the time of his death in 1944 left a will which had been duly probated in the County Court of Jefferson County, Texas, by which will Frank Bluestein is named independent executor; that by the terms of said will certain property was given to the three sons, other property to Ed Bluestein as trustee for his minor children and other property to Frank Bluestein as trustee for his daughter, Peggy Bluestein, now Peggy Born. Plaintiff alleged that he and his two brothers together were the owners of an undivided one-half interest in all of the property held in the name of A. Bluestein at the time of his death in 1944, and the petition sought a decree of the court to that effect and sought a decree establishing and fixing the interests of the various parties in the property held in the name of A. Bluestein at the time of his death.

In the present suit the court appointed Lamar Cecil, Esquire, a member of the Beaumont Bar, and attorney of record for the appellant Peggy Born, as guardian ad litem of the minor defendant, Ed Bluestein, Jr. The court also appointed W. L. Weatherall of Port Arthur as administrator ad litem for the sole purpose of defending the suit on behalf of the estate of A. Bluestein, deceased.

Extensive answers to the suit of Peggy Born and husband were filed by Ed Bluestein and the other parties. The two principal defenses raised by the answers may be summarized as pleas of limitation and laches, and the plea that the original property of Lena Levy Bluestein, deceased, cannot be traced into the extensive properties held by A. Bluestein at the time of his death in 1944 so as to establish a trust in behalf of the three sons.

The case was tried to the court without a jury and the court rendered judgment that the judgment entered March 1, 1945 was approved and confirmed, subject to the declarations and additional findings set out in the new judgment. In the judgment the court made the following findings of fact:

"1. Lena Levy Bluestein and Alexander Bluestein (also referred to herein as A. Bluestein were married in 1895 in Louisiana, and continued to live there until 1914 when they moved to Texas. At the time they came to Texas, A. Bluestein had no property or funds of any kind. Thereafter, Mr. and Mrs. Bluestein acquired a clothing store in Port Arthur, Texas, with an original capital investment of $1,000 borrowed on a life insurance policy on the life of A. Bluestein, which policy was the community property of himself and his wife. The business prospered; profits were reinvested from year to year and the stock of goods and the place of business were enlarged, but the business was operated continuously until the death of A. Bluestein on September 18, 1944.

"2. Lena Levy Bluestein died May 22, 1919, leaving surviving her, her husband, A. Bluestein, and her three sons, Ed Bluestein, Frank Bluestein and Leon Bluestein. Said Lena Levy Bluestein left a will in which she named her said husband, A. Bluestein, as Independent Executor, and under which she left her said three sons an undivided one-third interest in all her separate property and her interest in the community property of herself and her husband. An application for the probate of said will was filed on October 7, 1919, on behalf of A. Bluestein as petitioner, in the County

Court of Jefferson County, Texas. After the publication and return of citation, an order was entered in said County Court on January 27, 1920, admitting the will to probate and providing that letters testamentary be granted to A. Bluestein as Independent Executor. Said A. Bluestein qualified as Executor in such probate proceedings on January 27, 1920, and on the same date filed an inventory and appraisement list of claims showing separate property of the decedent in the amount of $653.89 on deposit in the First National Bank of Port Arthur, Texas. No other inventory was filed and no other separate or community property was ever reported.

"3. In addition to the balance in the bank account shown in said inventory, said Lena Levy Bluestein owned certain real estate in the State of Louisiana as her separate property and also certain community property, consisting primarily of an undivided one half (½) interest in the clothing store operated by Mr. and Mrs. Bluestein in Port Arthur, Texas.

"4. At the time of the death of his mother, Leon Bluestein had just been released from military service in World War I, but had not yet entered business. Ed Bluestein and Frank Bluestein were under 21 years of age and were still in the Navy. A. Bluestein did not, during his lifetime, inform his said sons that their mother had left a will or that she had left them her separate and community property, and Ed Bluestein, Frank Bluestein and Leon Bluestein did not become aware that their mother had left a will or that they were the owners of said property until after the death of A. Bluestein on September 18, 1944. No guardianship proceedings were ever taken out for Ed Bluestein and Frank Bluestein while they were minors. A. Bluestein never made any distribution or accounting to his said sons of said estate which passed to them under the terms of the will of Lena Levy Bluestein.

"5. After the death of Mrs. Bluestein, A. Bluestein continued to operate the clothing store business which constituted the primary asset in the community estate owned in common by himself and his three sons, in his own name, in exactly the same manner as prior to his wife's death. Shortly after the death of Mrs. Bluestein, her sons Leon Bluestein and Frank Bluestein joined A. Bluestein in the business and assisted him in the management thereof. Mr. Bluestein became ill in 1925 and thereafter until his death, the merchandising business was operated and managed primarily by the said sons. From 1925 to 1944, Mr. A. Bluestein spent only a small part of his time in Port Arthur, and the growth, development and prosperity of said clothing business during these years, was due primarily to the time, labor and efforts of Frank Bluestein and Leon Bluestein.

"6. From May 22, 1919, until his death, A. Bluestein had no source of income, capital or property other than said merchandising business. He never acquired any separate property through gift or inheritance and never held any employment or engaged in any outside business whatever. The stock of merchandise was depleted and replenished from time to time, fixtures were added and the store moved to a new location, but it was operated continuously, and its integrity as a merchandising business was maintained during all the years in question. There was acquired in the name of A. Bluestein, real estate, securities, notes and other investments, all of which were purchased with profits from the merchandising business owned by said A. Bluestein and his sons. All transactions in the store as well as all other business transactions, were carried on during the entire period from 1919 through 1944, through a checking account in the name of A. Bluestein. All receipts and income were deposited in this account and all payments and disbursements and investments were made therefrom. Therefore, all property of every nature, held in the name of A. Bluestein at the time of his death, can be traced from said merchandising business, a half interest in which passed from Mrs. Bluestein to her said three sons at the time of her death.

"7. During the years from 1925 through 1944, said merchandising business and all the financial affairs of A. Bluestein were carried on by his said sons, Frank Bluestein and Leon Bluestein, in the name of

A. Bluestein, since his sons believed he was sole owner thereof. Until their father's death, none of the said three sons of A. Bluestein knew they had any ownership whatever in the properties and assets held in their father's name. Said A. Bluestein withheld from his said sons the facts with respect to his sons' ownership of the community estate of Lena Levy Bluestein, and their interest in the merchandising business and other property held in his name."

The court thereupon held that legal title to an undivided one-half interest in all the property and assets in the name of A. Bluestein at the time of his death was held by him as trustee for his said sons, Ed Bluestein, Frank Bluestein and Leon Bluestein, each of whom owned an undivided one-sixth interest therein as tenants in common with their said father; the court further held that the interest of the said Ed Bluestein, Leon Bluestein and Frank. Bluestein in the properties held by the father at the time of his death was not barred or lost by the running of the statutes of limitation, giving the reasons on which such holding was based. The judgment also determined the rights of the various parties to different . properties passing under the terms of the will of A. Bluestein, deceased, with the correctness of which the appellants are not concerned in this appeal unless the trial court was in error in holding that the three sons of A. Bluestein, deceased, were the owners of one-half of all the properties held by him at the time of his death and that their action and claim for the same was not barred by limitation nor laches.

Peggy Born and husband, Lamar Cecil, guardian ad litem for Ed Bluestein, Jr., and W. L. Weatherall, administrator ad litem of the estate of A. Bluestein have perfected their appeal to this court for review of the judgment.

Their first point is that the evidence is insufficient to establish a trust covering one-half of all properties held by Alexander Bluestein. Their second point is that the claim and interest, if any, of Ed Bluestein and his brothers in said properties held by A. Bluestein is barred by the 4-year, 5-year and 10-year statutes of limitation of the State of Texas, Vernon's Ann. Civ.St. arts. 5509, 5510, 5527.

■ We have examined the entire statement of facts and believe that the evidence is sufficient to establish a trust in behalf of the three sons of Alexander Bluestein, deceased, in all the properties held by him at the time of his death, as was held by the trial court. The evidence is very full and detailed. Without question, at the time of the death of Mrs. Lena Levy Bluestein in 1919 the only property owned by her and her husband, Alexander Bluestein, in the State of Texas was community property. This largely consisted of a clothing store operated by them in Port Arthur, Texas at that time. It is significant that when Mr. A. Bluestein qualified as independent executor of her will, he afterwards filed an inventory of her estate and listed therein no community property. From that time until the death of A. Bluestein in 1944 A. Bluestein continued to operate the business as his own. During such time he had no source of income, capital or profit, other than the merchandising business which he carried on in his own name. The stock of merchandise was depleted and replenished, new fixtures were added and the store was moved to a new and larger location, but it was operated continuously and its integrity as one merchandising business remained through the years until the death of A. Bluestein. Mr. A. Bluestein during these 25 years acquired various parcels of real estate, bonds, stocks, notes and other properties, all of which were purchased with profits from this same merchandising business, known in the community as "Bluestein's". All of his business transactions were carried through a checking account which is in the name of A. Bluestein. All property of every kind held in the name of A. Bluestein at the time of his death was traced from the profits of said merchandising business. Witnesses who testified in regard to the business affairs of Mr. A. Bluestein were in a peculiarly satisfactory position to give such testimony. Mr. D. P. Sheeks and Mr. Joe S. Park, President and Vice President of the First National Bank of Port Arthur, had been associated with that bank as officers when

Mr. A. Bluestein started his business. They were familiar with all financial transactions engaged in by him. They testified in regard to Mr. Bluestein's opening a checking account with the First National Bank, and said that all of his financial transactions, both mercantile and investment, were handled through this single account in the name of A. Bluestein. After Mr. A. Bluestein became ill in 1925 his financial affairs were carried on by his two sons, Frank Bluestein and Leon Bluestein, in the name of their father, A. Bluestein. The sons were authorized, however, to draw checks on the account and make deposits therein. Investments were made from the profits of the business in the name of A. Bluestein. One witness, Mrs. Caseholt, has been his head bookkeeper since shortly after the death of Mrs. Lena Levy Bluestein. She testified that the merchandising business was operated continuously in the manner detailed above, and testified as to the acquisition of various properties and investments from the profits of the merchandising business and that they could have come from no other source.

Under the authority of the cases of Spencer v. Pettit, Tex.Civ.App., 268 S.W. 779; Tex.Com.App., 2 S.W.2d 422; Tex. Civ.App., 17 S.W.2d 1102; Tex.Com.App., 34 S.W.2d 798; Eaton v. Husted, 141 Tex. 349, 172 S.W.2d 493; Boettcher v. Means, Tex.Civ.App., 201 S.W.2d 255, we hold that the evidence was entirely sufficient to establish a trust in favor of the three sons of A. Bluestein in all the properties he held in his name at the time of his death.

In this case the rights of no third parties are involved. The appellants stand in the same position at law as did the decedent, A. Bluestein, and in order to avoid the trust they have the same burden here, as he would have had, of proving as exceptions to the trust any certain property to be his own and not derived from nor commingled with the funds and property of his deceased wife. We believe that in the instant case the funds and property of the deceased wife have been completely and adequately traced into the trust, and all the community property was managed and invested together as one fund.

In regard to the second point of the appellants, we believe the evidence is sufficient to support the holding and finding of the trial court that the claim of the three sons of A. Bluestein, deceased, is not barred or lost by limitation. A. Bluestein held their mother's undivided one-half interest in all property owned by the couple jointly at the time of her death. He made no disclosure to them of the fact that they had any interest in the properties so far as this record shows. The sons of A. Bluestein accepted without question his will and desire in the operation and management of the business, so far as this record shows. Not only was there no notice of a repudiation of the trust by A. Bluestein and a consequent intention to hold the property adversely to them, but there was no disclosure of the existence of such rights of ownership in the sons. The evidence is unquestioned that at the time of their mother's death two of the sons were minors and one had barely passed the age of 21 years. The evidence is rather full to the effect that Mr. A. Bluestein was master of his household as well as of his business and that so far as his sons were concerned his word was treated as law. After the death of A. Bluestein in 1944, when an attorney was employed to attend to the administration of his estate and the probating of his will, such attorney, the Hon. J. W. Williams, made inquiry of them as to their mother's estate and found her will in the probate records of Jefferson County. He informed them of what facts he found in such records. They then first learned that their mother had left a will and by its terms they were given her one-half interest in the community property owned by their parents at the time of her death. Mr. A. Bluestein was under a legal obligation to make known to his sons their interest in the property of their mother. He concealed from them such facts and such concealment, even though unintentional or in ignorance of the law, amounted to such a fraud in law as would suspend the running of the statutes of limitation in favor of the sons. The position of trust which A. Bluestein held as to his children obligated him to make a full disclosure of all the facts with

reference to the property interests of their mother. The present suit was filed within a short time after the appellee E. Bluestein learned of the existence of his mother's will and of the facts surrounding his ownership of a portion of her property. We believe the rule is well established that limitation did not begin to run against the sons as beneficiaries under their mother's will until they learned of the existence of the will and the surrounding facts of ownership in 1945. See Hand v. Errington, Tex.Com.App., 242 S.W. 722, 248 S.W. 25; Rice v. Ward, 92 Tex. 704, 51 S.W. 844, and Japhet v. Pullen, 63 Tex.Civ.App. 157, 133 S.W. 441. We agree with the conclusion of the trial court in this regard and the appellants' second point is overruled.

The judgment of the trial court is affirmed.