**McGOWEN v. MONTGOMERY.**

No. 6212.

Court of Civil Appeals of Texas.
Amarillo.

March 3, 1952.

790

L. H. Welch, Breckenridge, for appellant.

T. Wade Potter, Littlefield, for appellee.

MARTIN, Justice.

On September 23, 1924, Clarence Halsell Holmes and husband conveyed a tract of land in Lamb County, Texas, to appellant, D. H. McGowen, with a reservation to grantors of 1/16th of the royalty on all oil, gas and minerals. On May 5, 1925, appellant conveyed this same tract of land, subject to the royalty reservation, to W. B. Smith. Smith being desirous of clearing his title of the royalty reservation, on January 23, 1928, obtained a quitclaim deed to the royalty interest from Clarence Halsell Holmes and husband, but through error and mistake of the grantors, D. H. McGowen was named as grantee in the deed. W. B. Smith received and filed this deed of record without any knowledge of the error of Clarence Halsell Holmes in naming D. H. McGowen as grantee in the deed. On February 25, 1943, W. B. Smith conveyed the same tract of land to the appellee, H. B. Montgomery, by general warranty deed. Montgomery did not have the title examined at the time and knew nothing of the McGowen deed until on or about January 1, 1951, when he had an opportunity to lease the land for oil development and an examination of the title revealed the quitclaim deed to D. H. Mc-

Gowen. A quitclaim deed to the royalty interest was sent to D. H. McGowen for execution and return of the same, but McGowen refused to sign the deed and claimed ownership of the royalty interest. Appellee, H. B. Montgomery, sued appellant, D. H. McGowen, in trespass to try title to recover the royalty interest and also pleaded in the alternative for reformation of the deed. Appellee also pleaded that appellant held title to the royalty interest in trust for the appellee, and also sought in the alternative a removal of the quitclaim deed as a cloud on appellee's title.

The cause was tried before the court and judgment rendered for H. B. Montgomery for recovery of title and possession of the tract of land and removal of cloud on plaintiff's title to the land and premises. The appellant, D. H. McGowen, perfected an appeal and sets forth in his brief seventeen points of error. Quoting these points of error would unnecessarily lengthen this opinion without adding to the clarity of the issues here. The points assert that the pleadings and evidence do not support the judgment, that the suit is barred by the four and ten-year statute of limitation and also that the various findings of fact and conclusions of law by the trial court are not supported by the pleadings and the evidence.

■■ It is true that there is some divergence in the testimony as to whether W. B. Smith had knowledge of Clarence Halsell Holmes naming McGowen as grantee in the quitclaim deed to the royalty interest, but other than this issue all the evidence of any probative force supports appellee's cause. The testimony of D. H. McGowen, in conjunction with the dates of the various deeds, shows that he went out of possession of this land in 1925, approximately three years before Smith obtained the quitclaim deed, and that he had no further interest in such land and knew nothing of the royalty deed until 1951, when appellee sent him the quitclaim deed. Smith and appellee Montgomery, as shown by appellant on cross examination, went into possession of said lands under their respective deeds and their possession was continuous to the date of the trial. Upon.

these and other facts in evidence, by way of passing on appellant's points of error and phases thereof in so far as the same assert that the trial court's findings of fact are not supported by the evidence in the cause, it is ruled that all such findings of fact by the trial court are supported by a preponderance of the evidence and are binding on this court. Cavanaugh v. Davis, Tex.Sup., 235 S.W.2d 972, syl. 6–8. The trial court's conclusions of law are supported by the rulings hereinafter detailed, which rulings will, in conjunction with the one above, constitute an adjudication of the issues raised by the appellant on this appeal.

■■ The next issue to be determined under appellant's points is whether Article 5529, Vernon's Annotated Texas Civil Statutes, applies as to the issue of limitation pleaded in the cause. The pertinent language of the statute is as follows: "Every action *other than for the recovery of real estate,* for which no limitation is otherwise prescribed, shall be brought within four years * * *." (Italics added). The many authorities on this issue are here recognized and the principal issue involved is whether this action is one for the recovery of real estate for if it is Article 5529 does not apply. "It is a well settled general rule that if one person obtains the legal title to property, not only by fraud, or by violation of confidence of fiduciary relations, but in any other unconscientious manner, so that he cannot equitably retain the property which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner." 26 R.C.L. Sec. 83, p. 1236, and Simmons v. Wilson, Tex.Civ.App., 216 S.W.2d 847, syl. 1–2–3. "the Texas cases make a distinction between equitable title and equitable right. * * * It seems that the distinction made by the courts between equitable title and equitable right is essentially that between a right in rem and a right in personam; that is borne out by the generally accepted definitions of rights in rem

and in personam. * * * the beneficiary of a constructive trust has an equitable title; therefore, it is consistent with the general distinction to hold that the four-year limitation does not apply to a suit to impress land with a constructive trust." 18 T.L.R. 235. Appellee was the beneficiary of a constructive trust, under the facts shown in this cause, and therefore this is a suit for the recovery of real estate under the authorities and Article 5529 does not apply and appellant's points on such issue are overruled. Biggs v. Poling, Tex.Civ. App., 134 S.W.2d 801, syl. 2–3–4; Carl v. Settegast, Tex.Com.App., 237 S.W. 238, syl. 2–3; Howard v. Young, Tex.Civ.App., 210 S.W.2d 241, syl. 4; Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471.

■ The authorities cited in the above paragraph likewise hold that under the ordinary formal averments in trespass to try title, plaintiff can recover on equitable title based on a constructive trust without specially pleading such title. Appellant's points in so far as they seek to question the sufficiency of appellee's pleading in the cause are without merit and are overruled.

Appellant also presents the ten-year statute of limitation as a defense to appellee's cause of action. Under this point the cause of action must be considered in the light of Article 5510, Vernon's Annotated Civil Statutes, the applicable statute as to limitation of a right of action for the recovery of lands.

■■ On the facts in the cause as briefly outlined in the opening paragraph of this opinion, the appellee's cause of action was not barred by Article 5510, the ten-year statute of limitation. First, the appellee was ignorant of the mistake in the deed and of his rights until the fall of 1950, or on or about the first day of January, 1951, when he brought suit. "So long as she remained ignorant of her rights, no sort of limitation ran against her." Hand v. Errington, Tex.Com.App., 248 S. W. 25, syl. 2; Born v. Bluestein, Tex.Civ. App., 220 S.W.2d 345, syl. 1–4; Howard v. Young, Tex.Civ.App., 210 S.W.2d 241, syl. 2–3–4. Further, the facts at most established a trust relationship and placed equitable title in the appellee—appellant,

under the most liberal view of the facts, could only hold legal title as trustee for appellee and limitation did not begin to run until appellant repudiated the trust in the fall of 1950. "In such circumstances, limitation does not begin to run against the cestui que trust until the trust is repudiated by the trustee and notice or knowledge thereof is acquired by the beneficiary." Hamilton v. First Nat. Bank of O'Donnell, Tex.Civ.App., 155 S.W.2d 626, 631, syl. 5–6; Smith v. Richardson, Tex. Civ.App., 141 S.W. 1059, syl. 5–6; Payne v. Ross, 10 Tex.Civ.App. 419, 30 S.W. 670; Tennison v. Palmer, Tex.Civ.App., 142 S. W. 948, syl. 3–4; Howard v. Young, Tex. Civ.App., 210 S.W.2d 241; Old Nat. Life Ins. Co. v. Jerusalem Lodge No. 67, Free & Accepted Masons, Tex.Civ.App., 192 S. W.2d 921, syl. 12–16; Hayward v. City of Corpus Christi, Tex.Civ.App., 195 S.W. 2d 995, syl. 13. Appellant's points of error in so far as they seek to apply the ten-year statute of limitation, Article 5510, to the cause are overruled.

As to the appellee's suit to remove cloud from his title, the authorities seem to be numerous and in accord that a cloud on title is continuing and the cause of action also continuing and not barred by the statute of limitation. "Moreover, we prefer to follow the rule, which appears to be sustained by the weight of authority, that since the injury from a cloud on the title to real estate is continuing the cause of action for its removal is likewise continuing, and never barred while the cloud exists." Texas Co. v. Davis, 113 Tex. 321, 254 S.W. 304, 309, syl. 2; Watson v. Rochmill, 137 Tex. 565, 155 S.W.2d 783, syl. 4, 137 A.L. R. 1032; Benjamin State Bank v. Reed, Tex.Civ.App., 139 S.W.2d 172, 173, syl. 13–15; Howard v. Young, Tex.Civ.App., 210 S.W.2d 241, syl. 2–3.

Although appellee may not recover title under the judgment removing cloud, under the circumstances of this case and the law applicable to the undisputed facts the appellant is not entitled to hold title to the royalty interest in any event. The non-delivery of the deed to appellant and appellant's non-acceptance of the deed at law would prevent legal title vesting in the appellant. "The decisions hold that

the delivery of a deed is requisite to its validity as a conveyance and to become effective it is as necessary that it should be delivered as it is that it should be signed; that to complete a delivery of a deed it must not only be placed within the control of the grantee, but this must be done by the grantor with the intention that it should become effective as a conveyance." National Bond & Mortgage Corporation v. Davis, Tex.Com.App., 60 S.W.2d 429, 433, syl. 6–7; Thomason v. Lee, Tex.Civ.App., 4 S.W.2d 157, syl. 2; Benavides v. Benavides, Tex.Civ.App., 218 S.W. 566, syl. 3. But such deed of record would nevertheless create a cloud on the appellee's title subject to a suit for removal and appellee's action was not barred by limitation under the authorities set forth in the prior paragraph.

It was established by the overwhelming preponderance of the evidence, if not the undisputed evidence, that Clarence Halsell Holmes and husband, the grantors in the royalty deed, intended to convey the royalty interest solely to Smith and thereafter title to the same would have been vested in the appellee under the warranty deed of Smith. There is no evidence of probative value that Clarence Halsell Holmes and husband ever delivered a royalty deed to D. H. Mc-Gowen or ever intended to. These facts, under the authorities cited herein, precluded appellant's ownership of the royalty interest. Therefore, under the undisputed facts in the cause and the law applicable thereto appellant could suffer no harm by reason of the judgment of the trial court granting title and possession of the land to appellee as any interest appellant might have claimed under the royalty deed was terminated upon the cancellation of the royalty deed to him as a cloud on appellee's title. Rule 434, Vernon's Texas Rules of Civil Procedure.

Further, the authorities substantiate the trial court's theory of a trust relationship whereby the legal title was considered as vested in appellant under the undelivered deed as filed of record and appellee was recognized as the owner of the equitable title. Under such theory of the law, permitting appellee to recover the legal title to the royalty interest thereby vested

title as was intended by the original grantors in the delivery of their deed to W. B. Smith. "In order to satisfy the demands of justice, courts of equity will. indulge in presumptions and even pure fiction. For examples, under proper facts, they will (a) presume a grant where none is proved. * * * and will (b) create a trust contrary to the intentions of the parties to the transaction". Magee v. Young, 145 Tex. 485, 198 S.W.2d 883, 885, syl. 3. "Equity relieves against the unjust consequences of accident and mistake, as well as of fraud. Not only so, but in the discharge of its duty and exercise of power to do justice between parties to a transaction or series of events, irrespective of how complicated the same may be, a court of chancery rejects all shades of sophistry and subterfuge as it seeks to ascertain and give effect to true intent and meaning. It considers substance rather than form." Simmons v. Wilson, Tex.Civ.App., 216 S.W.2d 847, 852, syl. 6-8; Texas Creosoting Co. v. Hartburg Lumber Co., Tex.Com.App., 16 S.W. 2d 255, syl. 5.

The court having correctly applied the law to the facts in this case in granting judgment to appellee for a recovery of title and possession of the land and mineral interest in issue and for removal of cloud on appellee's title to such land under the rules hereinabove detailed, the appellant's seventeen points of error are overruled and the judgment of the trial court is affirmed.